1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12
13
14
15
16
17
18
19
20
21

AMAZON.COM, INC., a Delaware
corporation; and NITE IZE, INC., a Colorado
corporation,

                              Plaintiffs,

        v.

CHUN WONG, an individual; ADAM JONES,
an individual; JACKY LIKENS, an individual;
SHENZHEN HAIMING LIMITED, an
unknown entity; HU NAN YUN DONG
LIMITED, an unknown entity; JAMES LEE, an
individual; STEVE MAX, an individual; ZACK
GREY, an individual; JEFFREY HALL, an
individual; DEREK WILSON, an individual;
JACOB SMITH, an individual; and JOHN
DOES 1–10,

                              Defendants.

No.

COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF

22

## I.    INTRODUCTION

23    1.    Nite Ize, Inc. ("Nite Ize") began in 1989 in a small Colorado cabin when the

24  CEO and Founder Rick Case invented the company's first product: the Nite Ize Headband™

25  Mini Flashlight Holder.

26    2.    In the last thirty years, Nite Ize has grown from a single product to a company

27  that makes, sells, and distributes over 500 innovative accessories, tools, and devices.  Nite Ize

offers products that are designed with creative innovation and manufactured with top-of-the-line materials for optimum durability.

3.      Nite Ize prides itself in being fun and functional, trusted and innovative, and obsessively dedicated to making products that are not only guaranteed for life, but guaranteed to improve its customers' lives.  Nite Ize believes its success is rooted in integrity and in keeping its promises to its customers.  For that reason, it offers its customers a "Worry Free Guarantee"—if a customer is not satisfied with their purchase, Nite Ize will provide a free repair, replacement, or exchange.

4.      In 2014, Nite Ize introduced the STEELIE® ecosystem—a family of products that make mounting and viewing mobile devices just about anywhere a snap.  Featuring a patented, award-winning, magnetic mounting design, this two-part ball and socket system creates a hands-free viewing platform for endless adjustable viewing angles in the car, at home, and on the go.

\*\*\*

5.      Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com, Inc. ("Amazon") has worked hard to build and maintain customer trust, striving to be Earth's most customer-centric company.  Each day, millions of consumers use Amazon's store to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.  Amazon invests significant resources and effort into building and preserving its customers' trust.  As described in more detail below, in order to protect consumers and preserve the integrity of the Amazon store, Amazon has robust policies and highly developed fraud detection systems to prevent any third-party seller from selling counterfeit products in Amazon's store.  When Amazon discovers that a third-party seller is violating Amazon's anti-counterfeiting policies, it takes immediate action to remove the seller from the store and, in appropriate cases, to permanently enjoin the seller from future sales through court orders.  Based on Defendants' repeated and persistent violations of law, this is one such case.

COMPLAINT - 2
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

6.      Defendants operated a number of seller accounts on Amazon's online store through which they unlawfully advertised and sold products bearing counterfeit trademarks of Nite Ize.  As a result of their illegal actions, Defendants willfully deceived Amazon and its customers, infringed and misused Nite Ize's intellectual property ("IP"), harmed the integrity of Amazon's store, tarnished Amazon's and Nite Ize's brands, and damaged Amazon's and Nite Ize's customers.  Amazon and Nite Ize have filed this lawsuit to prevent further and continued harm to their customers and themselves.

7.      Defendants' illegal actions as described below breached numerous provisions of Amazon's Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop Defendants from infringing and misusing Nite Ize's IP and to prevent them from selling products through Amazon.  Defendants' actions also infringed Nite Ize's trademarks, entitling Nite Ize to recover its actual and statutory damages, the disgorgement of Defendants' profits, and its attorneys' fees and costs.  Further, Defendants' actions constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125, for which Amazon and Nite Ize seek various forms of damages and equitable relief.

## II.      PARTIES

8.      Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website, equivalent international websites, and Amazon stores.  Amazon has more than 250 million active customers.

9.      Nite Ize is a Colorado corporation with its principal place of business in Boulder, Colorado.  Nite Ize is the manufacturer of STEELIE® car mount kits and related accessories.  Nite Ize holds a number of duly registered trademarks, utility and design patents, and trade dress rights that it has developed and marketed in the United States.

10.      On information and belief, Defendant Chun Wong is either an individual who resides in Ontario, Canada or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Wong personally participated

in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint. On further information and belief, Wong conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

11.     On information and belief, Defendant Adam Jones is either an individual who resides in Ontario, Canada or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint. On further information and belief, Jones personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint. On further information and belief, Jones conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

12.     On information and belief, Defendant Jacky Likens is either an individual who resides in Ontario, Canada or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint. On further information and belief, Likens personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint. On further information and belief, Likens conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

13.     On information and belief, Shenzhen Haiming Limited ("Shenzhen") is an entity of unknown type and classification, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint. On further information and belief, Shenzhen personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint. On further information and belief, Shenzhen conspired, operated in concert with, and took affirmative acts with and on behalf of the other

COMPLAINT - 4
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

14.     On information and belief, Defendant Hu Nan Yun Dong Limited ("Hu Nan") is an entity of unknown type and classification, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Hu Nan personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Hu Nan conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

15.     On information and belief, Defendant James Lee is either an individual who resides in Minnetonka, Minnesota or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Lee personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Lee conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

16.     On information and belief, Defendant Steve Max is either an individual who resides in Frederick, Maryland or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Max personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Max conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

COMPLAINT - 5
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

17.     On information and belief, Defendant Zack Grey is either an individual who resides in Ontario, Canada, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Grey personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Grey conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

18.     On information and belief, Defendant Jeffrey Hall is either an individual who resides in Ontario, Canada, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Hall personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Hall conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

19.     On information and belief, Defendant Derek Wilson is either an individual who resides in Ontario, Canada, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Wilson personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Wilson conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

20.     On information and belief, Defendant Jacob Smith is either an individual who resides in Ontario, Canada, or is an "a/k/a" or alter ego for one or more of the other Defendants identified in this Complaint.  On further information and belief, Smith personally participated

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint.  On further information and belief, Smith conspired, operated in concert with, and took affirmative acts with and on behalf of the other Defendants to engage in the wrongful conduct identified in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

21.     On information and belief, Defendants John Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit Nite Ize products.

### III.     JURISDICTION AND VENUE

22.     The Court has subject matter jurisdiction over Nite Ize's claims for trademark infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125(a)) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Amazon's breach of contract claim and Plaintiffs' civil conspiracy claim pursuant to 28 U.S.C. § 1332 and § 1367.

23.     The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Nite Ize's claims arise from those activities.  Defendants reached out to do business with Washington residents by operating commercial, interactive internet storefronts through which Washington residents could purchase products bearing counterfeit versions of Nite Ize's trademarks and which otherwise infringed Nite Ize's IP.  Defendants targeted sales to Washington residents by operating these internet storefronts that (i) offer shipping to the United States, including Washington; and (ii) sold counterfeit products to residents of Washington.  Each of the Defendants is committing tortious acts in Washington and has wrongfully caused Amazon and Nite Ize substantial injury in Washington.

24.     Further, Defendants entered into BSA with Amazon for their seller accounts, stipulating that the "Governing Court" for claims to enjoin infringement of IP is state or federal court in King County, Washington.

COMPLAINT - 7
4847-1698-8824v.6 0051461-002402

25.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and because the BSA explicitly rests venue in this District.

26.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Significant Efforts to Prevent the Sale of Counterfeit Goods

27.     Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com has worked hard to build and maintain customer trust, striving to be Earth's most customer-centric company.  Each day, millions of consumers use Amazon's store to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.  Amazon recognizes that customer trust is hard to win and easy to lose, so Amazon invests significant resources and effort into building and preserving its customers' trust.

28.     Amazon works hard to build a reputation as an online store where customers can conveniently select from a wide array of legitimate goods and services at competitive prices. Because a single inauthentic product can turn away a customer for life, Amazon invests significant effort and resources to ensure that when a customer makes a purchase through Amazon's website or stores—either directly from Amazon or from one of its millions of third-party sellers—they will receive authentic products made by the true manufacturer of those products.

29.     A small number of bad actors seek to abuse that trust by creating Amazon Seller Accounts and using Amazon's store to market, sell, and distribute counterfeit goods.  These sellers misuse and infringe the trademarks and other IP of the actual manufacturer or rights owner of those goods to deceive consumers and Amazon.  When customers purchase counterfeit goods, it undermines the trust that customers, sellers, and manufacturers place in Amazon, thereby tarnishing Amazon's brand and causing irreparable reputational harm.

30.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the ways it detects and prevents counterfeit products from being sold to consumers.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to operate and continually refine its anti-counterfeiting program.  Among other things, when sellers register to sell products through Amazon's store, Amazon's automated systems scan information about the sellers for indicia that the sellers might be bad actors, and Amazon blocks those sellers during registration before they can offer any products for sale.

31.     Amazon's systems automatically and continuously scan thousands of variables related to sellers, products, and offers to detect activity that indicates products offered by a seller might be counterfeit.  Amazon uses innovative machine learning to improve its automated systems in order to anticipate and outwit bad actors.  Numerous Amazon investigators around the world respond quickly to review any listing identified as a potential counterfeit product.  These investigators also review notices of claimed infringement from rights owners, who are most familiar with their products.  When Amazon determines a product offered for sale is a counterfeit, it removes the product immediately.  Amazon regularly suspends or blocks sellers suspected of engaging in illegal behavior or infringing others' IP rights.

32.     Amazon works closely with brands and rights owners to strengthen protections for their brands on Amazon.com.  Amazon continues to invest in improvements to its online infringement tools with the goal of reducing invalid complaints by providing a self-guided, educational, and streamlined reporting experience for rights owners.  In 2017, Amazon launched the new Amazon Brand Registry that helps owners of IP protect their registered trademarks on Amazon.  The Amazon Brand Registry provides access to tools including proprietary text and image search, predictive automation based on reports of suspected IP rights violations, and increased authority over product listings.  In addition, Amazon partners with

COMPLAINT - 9
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

rights owners and law enforcement to identify and prosecute sellers suspected of engaging in illegal activity. Lawsuits like this one, targeted directly at identified bad actors, further complement Amazon's efforts to prevent the sale and distribution of counterfeit goods.

**B.     Nite Ize and Its Anti-Counterfeiting Efforts**

33.     Nite Ize sells its products to customers in a variety of ways, including through third-party retailers and its website, www.niteize.com.

34.     Nite Ize currently holds trademark registrations for its many different trademarks. Each of these marks has been duly and properly registered with the United States Patent and Trademark Office. Relevant to this Complaint, Nite Ize owns a registered trademark for "STEELIE," Trademark Reg. No. 4,205,539, which encompasses holders and stands specially adapted for use with mobile communication devices and devices for capturing digital images. A true and correct copy of the registration certificate for this trademark and assignment documentation reflecting Nite Ize's ownership is attached as **Exhibit A**. Nite Ize also owns a registered trademark for "NITE IZE," Trademark Reg. No. 2,789,303. A true and correct copy of the registration certificate for this trademark is attached as **Exhibit B.** The "STEELIE" and "NITE IZE" trademarks are collectively referred to as the "Nite Ize Trademarks."

35.     Nite Ize goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat the presence of counterfeit products. One way Nite Ize achieves this is by working cooperatively with retailers and other entities around the world to combat the sale of counterfeits. Partnering with Amazon in the shared goal to eradicate counterfeiting is a critical part of Nite Ize's strategy.

**C.     Defendants Created Amazon Seller Accounts and Agreed Not to Sell Counterfeit Goods**

36.     Defendants established and operated the below-listed Amazon seller accounts, among potentially others, through which they sought to advertise, market, sell, and distribute counterfeit Nite Ize STEELIE® products:

COMPLAINT - 10
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

a)     "Porterg" which belongs to and is held in the name of Defendant Likens.

b)     "Mentushop" which belongs to and is held in the name of Defendant Wong.

c)     "Lucky Deals JMS" which belongs to and is held in the name of Defendant Wong.

d)     "Vincent's Store 789" which belongs to and is held in the name of Defendant Wong.

e)     "ZACKSALES" which belongs to and is held in the name of Defendant Wong and/or Defendant Grey.

f)     "GGreat Sales" which belongs to and is held in the name of Defendant Wong.

g)     "Samonite" which belongs to and is held in the name of Defendant Wong.

h)     "HALL HALL HALL" which belongs to and is held in the name of Defendants Wong and/or Defendant Hall.

i)     "Discount Always" which belongs to and is held in the name of Defendant Jones.

j)     "SNAKEY" which belongs to and is held in the name of Defendant Jones.

k)     "MAX MAX MAX" which belongs to and is held in the name of Defendant Max.

l)     "Jason Dudley" which belongs to and is held in the name of Defendant Max.

m)     "VERY LEE GOOD" which belongs to and is held in the name of Defendant Lee.

n)     "Storqq" which, on information and belief, belongs to Defendant Wong.

o)     "WW arehouse" which, on information and belief, belongs to Defendant

COMPLAINT - 11
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Wong.

      p)     "Jay Warehouse" which, on information and belief, belongs to Defendant Wong.

      q)     "WILLWHO" which belongs to and is held in the name of Defendant Wilson.

      r)     "JS Wholesaler" which belongs to and is held in the name of Defendant Smith.

      s)     "DEROSAN" which belongs to and is held in the name of Defendant Wilson.

37.     To become a third-party seller on Amazon's website, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and sets forth Amazon's rules and restrictions for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the current version of Amazon's BSA is attached as **Exhibit C**.

38.     The BSA incorporates (and sellers therefore agree to be bound by) Amazon's Anti-Counterfeiting Policy, attached as **Exhibit D**, which explicitly prohibits the sale of counterfeit goods on the Amazon store:

> **Products offered for sale on Amazon must be authentic. The sale of counterfeit products is strictly prohibited. Failure to abide by this policy may result in loss of selling privileges, funds being withheld, and disposal of inventory in our possession**.

*Id.* (emphasis in original).

39.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon store, and the consequences Amazon imposes when it becomes aware of counterfeiting:

> It is each seller's and supplier's responsibility to source, sell, and fulfill only authentic products. Prohibited products include bootlegs, fakes, or pirated copies of products or content; products that have been illegally replicated, reproduced, or manufactured; and products that infringe another party's intellectual property

COMPLAINT - 12
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

rights. If you sell or supply inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts) and dispose of any inauthentic products in our fulfillment centers at your expense. In addition, we do not pay sellers until we are confident our customers have received the authentic products they ordered. We may withhold payments if we determine that an Amazon account has been used to sell inauthentic goods, commit fraud, or engage in other illegal activity.

We work with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result, we remove suspect listings based on our own review of products. We also work with rights holders and law enforcement worldwide to take and support legal action against sellers and suppliers that knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders.

*Id.*

40.    By virtue of becoming a third-party seller on Amazon's website, and establishing seller accounts, Defendants explicitly agreed to, and are bound by, the BSA (among other agreements).  Defendants, therefore, agreed not to advertise, market, sell or distribute counterfeit products.

**D.    Defendants' Sale of Counterfeit Nite Ize STEELIE® Products**

41.    Defendants advertised, marketed, sold, and distributed counterfeit products that Defendants claimed were genuine Nite Ize STEELIE® products.  This conduct violated the BSA.  Nite Ize has not licensed or authorized Defendants to manufacture, import, or sell products bearing the Nite Ize brand, or to use or exploit the IP rights of Nite Ize in manufacturing, marketing, selling, or distributing products bearing the Nite Ize brand.

**1.    Customs and Border Protection Notice and Shipito Account Information**

42.    On or about October 19, 2018, Nite Ize received two notices (Nos. 2019-2904-000026-01 and 2019-2904-000028-01) from United States Customs and Border Protection ("CBP") that the agency had seized an imported shipment at its port of entry in Portland,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Oregon on September 29, 2018.  The shipments contained 300 counterfeit STEELIE® car mount kits.  The shipment originated from Defendant Shenzhen and Hu Nan in Hong Kong, with a Tualatin, Oregon destination address.  Jack Nebressa was listed as the importer.

43.    After researching the Tualatin, Oregon address, Nite Ize determined that it is the address of Shipito, LLC's Oregon warehouse.  According to its website, Shipito, LLC offers package and mail forwarding services to over 220 countries.

44.    Nite Ize issued a subpoena to Shipito, LLC to obtain the account information for the account holder with the name "Jack Nebressa."  Shipito's records indicate that at least one individual associated with the "Jack Nebressa" account is Defendant Wong, who has an address in Ontario, Canada.

45.    Shipito's records also indicate that the "Jack Nebressa" account holder shipped numerous counterfeit STEELIE® car mount kits to various entities across the United States.  On information and belief, Defendants shipped the infringing phone holders with the knowledge and intent that they would be sold to consumers as authentic Nite Ize STEELIE® phone holders.

### 2.    Test Purchases from Defendant Wong

46.    On or around August 1, 2018, Nite Ize conducted a test purchase from Defendant Wong's "MentuShop" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same Amazon Standard Identification Number ("ASIN") as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

47.    On or around August 1, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Lucky Deals JMS" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

48.     On or around September 4, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Vincent's Store 789" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

49.     On or around September 4, 2018, Nite Ize conducted a test purchase from Defendant Wong and/or Grey's "ZACKSALES" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

50.     On or around September 5, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Samonite" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

51.     On or around September 10, 2018, Nite Ize conducted a test purchase from Defendant Wong's "GGreat Sales" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

52.     On or around September 10, 2018, Nite Ize conducted a test purchase from Defendant Wong and or Grey's "ZACKSALES" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

53.     On or around September 19, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Vincent's Store 789" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

54.     On or around September 25, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Samonite" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

55.     On or around January 23, 2019, Nite Ize conducted a test purchase from Defendant Wong and/or Hall's "HALL HALL HALL" seller account for what Defendants

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

### 3.     Test Purchases from Defendant Jones

56.     On or around August 13, 2018, Nite Ize conducted a test purchase from Defendant Jones's "Discount Always" seller account for what Defendants advertised was one "Nite Ize Original Steelie Magnetic Phone Socket."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

57.     On or around September 5, 2018, Nite Ize conducted a test purchase from Defendant Jones's "Discount Always" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

58.     On or around September 5, 2018, Nite Ize conducted a test purchase from Defendant Jones's "Discount Always" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Ball."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

59.     On or around September 10, 2018, Nite Ize conducted a test purchase from Defendant Jones's "SNAKEY" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

### 4.     Other Test Purchases.

60.     On or around July 9, 2018, Nite Ize conducted a test purchase from Defendant Wong's "Jay Warehouse" seller account (which is now known as "Storqq") for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

61.     On or around July 9, 2018, Nite Ize conducted a test purchase from Defendant Likens's "porterg" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

62.     On or around August 3 2018, Nite Ize conducted a test purchase from Defendant Wilson's "WILLWHO" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

is counterfeit.

63.     On or around August 7, 2018, Nite Ize conducted a test purchase from Defendant Likens's "porterg" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

64.     On or around August 13, 2018, Nite Ize conducted a test purchase from Defendant Smith's "JS Wholesaler" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

65.     On or around August 13, 2018, Nite Ize conducted a test purchase from Defendant Wilson's "DEROSAN" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

66.     On or around November 5, 2018, Nite Ize conducted a test purchase from Defendant Wong's "WW arehouse" seller account (which is now known as "Storqq") for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale

COMPLAINT - 19
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

of authentic Nite Ize products.  Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

67.     On or around December 12, 2018, Nite Ize conducted a test purchase from Defendant Max's "MAX MAX MAX" seller account for what Defendants advertised was one "Nite Ize Original Steelie Dash Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

68.     On or around January 3, 2019, Nite Ize conducted a test purchase from Defendant Max's "Jason Dudley" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants was counterfeit.

69.     On or around January 29, 2019, Nite Ize conducted a test purchase from Defendant Lee's "VERY LEE GOOD" seller account for what Defendants advertised was one "Nite Ize Original Steelie Vent Mount Kit."  Defendants used Nite Ize's brand to advertise the product, the actual product bore the Nite Ize Trademarks and other indications of Nite Ize's brand, and Defendants used the same ASIN as used for the sale of authentic Nite Ize products. Nite Ize reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

### E.     Amazon and Nite Ize Shut Down Defendants' Accounts

70.     Despite repeated notice and counterfeit warnings from Amazon, Defendants continued to sell counterfeit Nite Ize products.

71.     In selling counterfeit Nite Ize products, Defendants falsely represented to

COMPLAINT - 20
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon and its customers that the products Defendants sold were genuine products made by Nite Ize.  Defendants also knowingly and willfully used Nite Ize's IP in connection with the advertisement, distribution, offering for sale, and sale of counterfeit Nite Ize products into the United States and Washington over the Internet.

72.     At all times, Defendants knew that the BSA prohibited the use of Amazon's store to distribute counterfeit goods or to violate any applicable laws.  Defendants knowingly and intentionally breached the BSA by marketing, selling, and distributing counterfeit goods on Amazon's store.

73.     Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of Nite Ize, and harmed the integrity of Amazon's store and tarnished Amazon's and Nite Ize's brands.

74.     Amazon, after receiving notice from Nite Ize, confirmed Defendants' unlawful sale of counterfeit Nite Ize products and promptly blocked Defendants' seller accounts.  In doing so, Amazon exercised its rights under the BSA to protect its customers, Nite Ize, and the integrity of its store.

75.     In Amazon's experience, however, it is not uncommon for sellers of counterfeit products blocked by Amazon to attempt to create new seller identities to obtain access to the Amazon store.  The fact that Defendants created multiple Amazon seller accounts, in violation of Amazon's BSA, to facilitate their counterfeit sales of Nite Ize products demonstrates they are likely to continue to do so.  Therefore, unless Defendants and all of their affiliated and/or successor entities are immediately and permanently enjoined from using Amazon's store to sell goods, the harm Defendants caused to Amazon, legitimate third-party manufacturers/sellers like Nite Ize, and consumers is likely to continue.

## V.      CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### *(by Nite Ize against all Defendants)*
### Trademark Infringement – 15 U.S.C. § 1114

76.     Plaintiffs incorporate by reference the allegations of each and all of the

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

preceding paragraphs as though set forth herein.

77.     Defendants' activities constitute infringement of the Nite Ize Trademarks as described in the paragraphs above.

78.     Nite Ize advertises, markets, and distributes its products using the Nite Ize Trademarks described above and uses these trademarks to distinguish its products from the products and related items of others in the same or related fields.

79.     Because of Nite Ize's long, continuous, and exclusive use of the Nite Ize Trademarks identified in this complaint, they have come to mean, and are understood by customers and the public to signify, products from Nite Ize.

80.     Defendants unlawfully advertised and sold products bearing counterfeit trademarks of Nite Ize.  The infringing materials that Defendants have and continue to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

81.     Further, Defendants' counterfeiting activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, offering, and/or distributing originate with or are authorized by Nite Ize, thereby harming Nite Ize, its licensees, and the public.

82.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Nite Ize Trademarks and the confusion that the use of those trademarks would have on consumers as to the source, sponsorship, affiliation or approval by Nite Ize of the products using those trademarks.

83.     As a result of Defendants' wrongful conduct, Nite Ize is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b).  The amount of money due from Defendants to Nite Ize is unknown to Nite Ize and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of counterfeit, infringing material advertised, marketed, offered or distributed by Defendants.  Alternatively, Nite Ize is entitled to

statutory damages under 15 U.S.C. § 1117(c).

84.     Nite Ize is further entitled to injunctive relief, including an order impounding all infringing materials.  Nite Ize has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Nite Ize Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Nite Ize's reputation and goodwill such that Nite Ize could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Nite Ize, is continuing.

## SECOND CAUSE OF ACTION
### *(by Nite Ize against all Defendants)*
**False Designation of Origin, False Advertising and Unfair Competition – 15 U.S.C. § 1125 *et seq.***

85.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

86.     Nite Ize advertises, markets, and distributes its products using the trademarks described above and uses these trademarks to distinguish its products from the products and related items of others in the same or related fields.

87.     Because of Nite Ize's long, continuous, and exclusive use of the Nite Ize Trademarks, they have come to mean, and are understood by customers, end users, and the public to signify, products from Nite Ize.

88.     Defendants' wrongful conduct includes the infringement of the Nite Ize Trademarks, and the unauthorized use and misuse of Nite Ize's name, and/or imitation designs (specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from the Nite Ize designs) in connection with Defendants' commercial advertising or promotion, including without limitation, in connection with the offering for sale and sale of counterfeit Nite Ize products in interstate commerce.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

89.     In advertising and selling products bearing counterfeit trademarks of Nite Ize, Defendants have used, and continue to use, the trademarks referenced above to compete unfairly with Nite Ize and to deceive customers.  Upon information and belief, Defendants' wrongful conduct misleads and confuses their customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered or distributed in connection with Nite Ize's trademarks, name, and imitation visual designs, and wrongfully trades upon Nite Ize's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Nite Ize, all in violation of 15 U.S.C. § 1125(a).

90.     Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91.     Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

92.     Nite Ize is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts have caused irreparable injury to Nite Ize.  The injury to Nite Ize is and continues to be ongoing and irreparable.  An award of monetary damages cannot fully compensate Nite Ize for its injuries, and Nite Ize lacks an adequate remedy at law.

93.     Nite Ize is further entitled to recover Defendants' profits, Nite Ize's damages for its losses, and Nite Ize's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined.  The amount of money due from Defendants to Nite Ize is unknown to Nite Ize and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertised, marketed, offered or distributed by Defendants. Nite Ize is also entitled to the trebling of any damages award as allowed by law.

## THIRD CAUSE OF ACTION
### *(by Amazon against all Defendants)*
**Breach of Contract**

94.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

95.     Defendants established Amazon Seller Accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the Conditions of Use of the Amazon website.

96.     Defendants' advertising, sale, and distribution of counterfeit Nite Ize products materially breached the BSA and the Conditions of Use of the Amazon website in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Nite Ize.

97.     Defendants are subject to liability for the wrongful conduct alleged herein (i.e., the misuse of Nite Ize's IP) both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

98.     As described above, Defendants' acts have caused irreparable injury to Amazon, and that injury is ongoing. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

99.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below in order to stop Defendants' misuse of IP.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**FOURTH CAUSE OF ACTION**
*(by Amazon against all Defendants)*
**False Advertising – 15 U.S.C. § 1125(a)** *et seq.*

100.    Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

101.    Defendants infringed and misused the IP rights of Nite Ize in marketing, selling, and distributing products through the Amazon store, thereby making false and misleading statements of fact about the origin, sponsorship or approval of the goods they sold.

102.    These statements deceived or had the capacity to deceive Amazon as to whether Defendants were selling counterfeit goods in violation of BSA.  Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their goods on the Amazon store because Amazon would not have permitted them to sell their goods but for the deceptive acts.

103.    Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.    Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

105.    Defendants' acts have caused irreparable injury to Amazon.  The injury to Amazon is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

106.    Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

### FIFTH CAUSE OF ACTION
### *(by Amazon & Nite Ize against all Defendants)*
### Civil Conspiracy (Common Law)

107.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

108.     Each and all of the Defendants combined together to accomplish the unlawful purpose of advertising, selling, and distributing counterfeit Nite Ize products on the Amazon store.  Each and all of the Defendants have further used unlawful means to accomplish this purpose, including without limitation, the infringement and misuse of the IP rights of Nite Ize.

109.     Each and all of the Defendants joined together, conspired, and entered into an agreement to accomplish the aims of their unlawful conspiracy.

110.     Nite Ize and Amazon are entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below to, among other things, stop Defendants' misuse of IP.  Defendants' acts have caused irreparable injury to Nite Ize.  The injury to Nite Ize is and continues to be ongoing and irreparable.  An award of monetary damages cannot fully compensate Nite Ize for its injuries, and Nite Ize lacks an adequate remedy at law.

111.     Nite Ize is further entitled to recover Defendants' profits, Nite Ize's damages for its losses, and Nite Ize's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined.  The amount of money due from Defendants to Nite Ize is unknown to Nite Ize and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, offered or distributed by Defendants.  Nite Ize is also entitled to the trebling of any damages award as allowed by law.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

A.      That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with them, from:

> (i)      selling products on any of Amazon's websites or in any of Amazon's stores;
>
> (ii)     opening any Amazon Seller Accounts;
>
> (iii)    manufacturing, distributing, offering to sell, or selling any product using Nite Ize's brand or trademarks, or which otherwise infringes Nite Ize's intellectual property;
>
> (iv)    assisting, aiding or abetting any other person or business entity in engaged or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B.      That the Court enter judgment in Amazon's and Nite Ize's favor on all claims brought by them;

C.      That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all counterfeit and infringing products bearing the Nite Ize Trademarks or that otherwise infringe the Nite Ize IP, and any related item, including business records, that are in Defendants' possession or under their control;

D.      That the Court enter an order requiring Defendants to provide Nite Ize a full and complete accounting of all amounts due and owing to Nite Ize as a result of Defendants' unlawful activities;

E.      That Defendants be required to pay all general, special, actual, and statutory damages which Nite Ize has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), or otherwise allowed by law;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

F.      That Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117 or otherwise by law; and

G.      That the Court grant Amazon and Nite Ize such other, further, and additional relief as the Court deems just and equitable.

DATED this 26th day of June, 2019.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


By  *s/ Bonnie E. MacNaughton*
    Bonnie E. MacNaughton, WSBA #36110

    *s/ Lauren Rainwater*
    Lauren Rainwater, WSBA #43625

    *s/ James Harlan Corning*
    James Harlan Corning, WSBA #45177

    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1604
    Tel: (206) 622-3150
    Fax: (206) 757-7700
    Email:   bonniemacnaughton@dwt.com
             laurenrainwater@dwt.com
             jamescorning@dwt.com

COMPLAINT - 29
4847-1698-8824v.6 0051461-002402

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax