UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

      Plaintiffs,

  v.

CHUN WONG, et al.,

      Defendants.

CASE NO. C19-0990JLR

ORDER

## I.  INTRODUCTION

  Before the court is Plaintiffs Amazon.com, Inc. ("Amazon") and Nite Ize, Inc.'s ("Nite Ize") (collectively, "Plaintiffs") motion to compel discovery responses from Defendant Chun Wong and for entry of a protective order.  (Mot. (Dkt. # 56); Reply (Dkt. # 63).)  Mr. Wong opposes the motion, in part.  (Resp. (Dkt. # 59).)  The court has considered the parties' submissions, the relevant portions of the record, and the

//

//

1   applicable law.  Being fully advised,[1] the court GRANTS Plaintiffs' motion to compel

2   discovery responses from Mr. Wong, and DENIES Plaintiffs' motion for entry of a

3   protective order as moot.

4                              **II.    BACKGROUND**

5          This action arises out of Mr. Wong's alleged operation of multiple Amazon

6   seller's accounts through which he advertised and sold counterfeit Nite Ize products.

7   (*See* Am. Compl. (Dkt. # 31) ¶ 6.)  Plaintiffs sued more than a dozen Defendants,

8   including Mr. Wong, for trademark infringement, false designation of origin, breach of

9   contract, false advertising, and civil conspiracy.  (*See id.* ¶¶ 78-113.)  To date, only Mr.

10  Wong has appeared in this matter.  (*See* Dkt.)  Plaintiffs served Mr. Wong with their first

11  set of interrogatories and requests for production ("RFPs") of documents on July 23,

12  2021.  (*See* Rainwater Decl. (Dkt. # 57) ¶ 2, Ex. A at 6-12 ("Interrogatories"); *see also id.*

13  at 12-17 ("RFPs").)  Mr. Wong's response was due by August 23, 2021.  (*Id.* ¶ 3); Fed.

14  R. Civ. P. 33(b)(2).  Mr. Wong neither substantively responded by that date, nor

15  requested additional time to respond.  (Rainwater Decl. ¶ 3.)

16         Subsequently, the parties agreed that Mr. Wong would have until October 1, 2021

17  to provide a response but that any objections he might have asserted were deemed waived

18  as untimely.  (*Id.* ¶ 4-5, Exs. B-C.)  Although Mr. Wong provided his first set of

19  responses to Plaintiffs' discovery requests on October 1, 2021 (Rainwater Decl. ¶ 6, Exs.

20  //

21  ────────────────────

         [1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that
22  oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D.
    Wash. LCR 7(b)(4).

ORDER - 2

D-E), Plaintiffs found many of his responses insufficient and, after counsel for the parties met and conferred, Mr. Wong agreed to provide supplemental responses to Plaintiffs' first set of discovery requests by October 19, 2021 (*id.* ¶ 7; Powar Decl. (Dkt. # 58) ¶ 2). Mr. Wong missed that deadline, however, and—despite Plaintiffs' counsel's repeated requests and threats to bring the issue before the court—did not supplement his initial discovery responses until December 16, 2021.  (*See* Rainwater Decl. ¶¶ 7-8, Exs. G, H.) Even then, Mr. Wong provided only a few documents and did not supplement any of his initial interrogatory answers.  (*See* Rainwater Decl. ¶ 8.)

The parties were unable to resolve their differences through a further meet and confer (*id.* ¶ 9) and requested a discovery hearing, which the court held on January 19, 2022 (1/19/22 Minute Entry (Dkt. # 54)).  After hearing from the parties, the court directed Plaintiffs to submit the instant motion to compel.  (*Id.*)

## III.   ANALYSIS

Plaintiffs seek an order compelling Mr. Wong to "provide full responses to" two categories of RFPs and three categories of Interrogatories.  (Mot. at 8-11.)  Mr. Wong says that he "does not oppose the majority of the motion to compel," but asks that the order to compel:  "be limited to the information concerning Amazon"; "take into consideration that," owing to his lost phone, he does not have access to any responsive WeChat communications; allow him "additional time to comply with the discovery requests"; and "require Amazon to provide all financial accounts disbursements" tendered to it on Mr. Wong's behalf.  (Resp. ¶¶ 4-6, 8.)  Below, the court sets forth the
//

applicable legal standard before turning to consider each of the categories of disputed

RFPs and Interrogatories.

**A.     The Standard for Obtaining Discovery**

Federal Rule of Civil Procedure 26 governs the production of discovery.  *See* Fed.

R. Civ. P. 26.  It provides that, in general, "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to

the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Relevant information for purposes of

discovery is information 'reasonably calculated to lead to the discovery of admissible

evidence.'"  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)

(quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

"District courts have broad discretion in determining relevancy for discovery purposes."

*Id.*

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move

for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ.

P. 37(a)(3)(B).  The court may order the party resisting discovery to provide further

responses to an "evasive or incomplete disclosure, answer, or response."  *See* Fed. R. Civ.

P. 37(a)(4).  Although the party seeking to compel discovery has the burden of

establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), "'[t]he party who

resists discovery has the burden to show that discovery should not be allowed, and has

the burden of clarifying, explaining, and supporting its objections' with competent

evidence," *Doe v. Trump*, 329 F.R.D. 262, 270-71 (W.D. Wash. 2018) (quoting

//

*Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at \*1 (D. Ariz. Oct. 25, 2017)).

**B.   Plaintiffs' RFPs**

Plaintiffs seek to compel Mr. Wong to produce complete responses to fourteen (14) RFPs, which they divide into two broad categories of documents and communications relating to:  (1) Mr. Wong's procurement and sale of Nite Ize products (RFP Nos. 2-4, 10-12, 16-19, 22); and (2) his "accounting documents . . . and documents evidencing any transmittal of funds" (RFP Nos. 13-15).  (Mot. at 9-10.)  Mr. Wong "does not oppose the majority" of Plaintiffs' motion but asks the court to limit any order to compel "to the information concerning Amazon" and to "take into consideration" Mr. Wong's inability to recover and produce any WeChat records.  (Resp. ¶ 6.)  The court considers below the RFPs for which Plaintiffs request further responses, as well as Mr. Wong's arguments for a limited order.

> 1.   <u>Documents and Communications Relating to Mr. Wong's Procurement and Sale of Nite Ize Products (RFP Nos. 2-4, 10-12, 16-19, 22)</u>

Plaintiffs requested that Mr. Wong produce a range of records evidencing his procurement and sale of Nite Ize products or counterfeit Nite Ize products.  (*See* Mot. at 8-9 (citing RFP Nos. 2-4, 10-12, 16-19, 22).)  In response, Mr. Wong uniformly asserted that he was "unable to comply" with the request either because "no such documents can be located" (*see, e.g.*, Rainwater Decl., Ex. E ¶¶ 2, 3, 10-12, 16, 18, 19), or because "no such documents exist" (*id.* ¶¶ 4, 17, 22).  He maintained, however, that "[a] diligent search and a reasonable inquiry have been made in an effort to comply with this

1    demand." (*Id.* ¶¶ 2-4, 10-12, 16-19, 22.)

2         Mr. Wong had plainly not made a reasonable effort to obtain his WeChat

3    messages when he provided his initial discovery response to Plaintiffs on October 1,

4    2021.  (*See* Wong Decl. (Dkt. # 60) ¶ 3 (noting that he first contacted WeChat about

5    recovering his messages on December 15, 2021).)  However, Mr. Wong has now

6    provided a sworn declaration explaining that WeChat does not store user data on its

7    servers so a user's message history will only be accessible from a new device if the user

8    "migrate[d]" their data to the new device, which Mr. Wong was unable to do because he

9    lost his phone.  (*Id.* ¶¶ 4-5; *id.* at 3.)  He also avers that he contacted WeChat on six

10   occasions between December 15, 2021 and February 12, 2022, but that he has not

11   "receive[d] any responses relative to recovering [his] lost messages."  (*Id.* ¶ 3.)

12   Accordingly, the court finds that Mr. Wong has provided "competent evidence" that

13   sufficiently explains his failure to produce WeChat messages from the relevant time

14   period and that those messages cannot be reasonably recovered.  *See Doe*, 329 F.R.D. at

15   270.

16        Plaintiffs do not suggest that different or additional efforts by Mr. Wong will lead

17   to the recovery of his WeChat messages, but rather argue that RFP Nos. 2-4, 10-12,

18   16-19, and 22 requested "many other categories of documents . . . , such as invoices,

19   purchase orders, payments, receipts, shipping documents, and internal notes relating to

20   his sale of counterfeit Nite Ize products," which Mr. Wong does not address in his

21   response or declaration.  (Reply at 3.)  Mr. Wong's counsel has argued that Mr. Wong's

22   business was conducted entirely through WeChat and Amazon's seller's platform, such

1   that all records have either been lost or are "only within the custody and control of

2   [Amazon] as Mr. Wong no longer has access to his Amazon account." (*See* Resp. ¶ 6;

3   *see also* 1/19/22 Hr'g Tr. (Dkt. # 55) at 9:10-11 (Mr. Rosenbaum: "[Mr. Wong]

4   purchased [the allegedly problematic goods] through WeChat, through suppliers who also

5   work through WeChat, where money gets transferred through WeChat.").)  That

6   explanation may be correct, but it is not supported by the record before the court.  Mr.

7   Wong's declaration speaks only about "WeChat messages," but does not address any of

8   the other kinds of records sought by Plaintiffs.  (*See generally* Wong Decl.)

9          Mr. Wong is not required to "make anything out of whole cloth" (1/19/22 Hr'g Tr.

10  at 16:22-23), but he cannot defeat Plaintiffs' motion to compel a further response through

11  the unsupported arguments of his counsel.  And, especially given his vague and evasive

12  initial responses (*see generally* Rainwater Decl., Ex. E), he must do more to explain why

13  none of the documents requested—not just messages exchanged over WeChat—can be

14  obtained and produced.  If documents evidencing his transactions were also sent via

15  WeChat, he must say that and support his explanation with "competent evidence."  *See*

16  *Doe*, 329 F.R.D. at 270.

17         2.       Mr. Wong's Accounting and Banking Documents (RFP Nos. 13-15)

18         Plaintiffs additionally requested that Mr. Wong produce "accounting

19  documents . . . and documents evidencing any transmittal of funds" by Mr. Wong.  (*See*

20  Mot. at 9-10 (citing RFP Nos. 13-15).)  Mr. Wong opposes an order compelling

21  production of these records only if RFP Nos. 13-15 can be read to reach documents

22  unrelated to transactions conducted with Amazon.  (Resp. ¶ 5.)  To the extent Mr. Wong

1    intends to argue that these records are not relevant to Plaintiffs' claims, and thus outside

2    the scope of discovery, the court disagrees.

3        As Plaintiffs explain, these records are necessary "to determine what Mr. Wong

4    did with the proceeds from the counterfeit sales" of Nite Ize products.  (*See* Reply at 3.)

5    Indeed, the court observed at the January 19, 2022 hearing that relevant discovery in this

6    matter will necessarily "need to be wider than Amazon," and would reasonably also

7    cover records with "any connection" to Nite Ize.  (1/19/22 Hr'g Tr. at 14:24-15:6); *see*

8    *Surfvivor Media, Inc.*, 406 F.3d at 635 (noting the court's "broad discretion in

9    determining relevancy").  That is precisely what Plaintiffs seek.  (*See* RFP No. 14

10   (requesting financial records that "show, reflect, or refer to sales of Nite Ize Products or

11   Counterfeit Products"); RFP No. 13 (requesting "periodic statements" from accounts

12   "encompassed by" RFP No. 14); RFP No. 15 (requesting documents "that show, reflect,

13   refer, or relate to any transmittal of funds" relating to Mr. Wong's marketing of Nite Ize

14   Products or Counterfeit Nite Ize Products").)  Accordingly, the court concludes that RFP

15   Nos. 13-15 seek information that is relevant to Plaintiffs' claims and proportional to the

16   needs of the case, *see* Fed. R. Civ. P. 26(b)(2)(1), and declines to further limit Mr.

17   Wong's obligation to respond to those document requests.

18       Additionally, Mr. Wong asks the court to order Plaintiffs "to provide all financial

19   accounts disbursements" that were tendered to Mr. Wong's Amazon seller's account so

20   that he can identify the "specific accounts" he "used to receive disbursements."  (Resp.

21   ¶ 8.)  Mr. Wong does not adequately explain his need for this information (*see id.*), and

22   Plaintiffs contend that "the documents and information that are the subject of this Motion

1    are not available to Amazon, such as Mr. Wong's personal communications and banking

2    records" (Reply at 4).  The court declines to order Plaintiffs to produce anything to Mr.

3    Wong, but it notes that counsel are expected to work collaboratively and in good faith to

4    discharge their respective discovery obligations.

5         For the foregoing reasons, Plaintiffs' motion to compel Mr. Wong to provide

6    complete responses to RFP Nos. 2-4, 10-19, and 22 is GRANTED.  Mr. Wong has

7    adequately explained that his WeChat messages are unavailable.  However, he must still

8    provide complete responses to Plaintiffs' RFPs.  If particular requested documents cannot

9    be produced because they would have been contained within the lost WeChat message

10   files, he must carefully explain that and must identify the particular document or kind of

11   document affected.  Mr. Wong must provide a compliant response to Plaintiffs' RFPs

12   within thirty (30) days of the date this order is filed.

13   **C.    Plaintiffs' Interrogatories**

14        Plaintiffs also seek to compel Mr. Wong to provide complete answers to three

15   categories of interrogatories, which seek information related to:  (1) the identities of

16   "individuals Mr. Wong communicated with regarding Nite Ize products, the contents of

17   said communications, and the mediums through which [Mr. Wong] made such

18   communications" (Mot. at 10 (Interrogatory Nos. 1-2, 4)); (2) the "identification of

19   fictitious names and business entities Mr. Wong used to import or sell Nite Ize products,

20   as well as his residential and business address" (*id.* at 10-11 (Interrogatory Nos. 5-7, 18));

21   and (3) "Mr. Wong's sale, distribution, or importation of Nite Ize products, including any

22   associated costs, profits, and expenses, as well as an identification of bank accounts into

1    which he transferred funds resulting from the sale of those products" (*id.* at 11

2    (Interrogatory Nos. 11-12, 14-16)).

3         Under Rule 33, parties are "required to respond to interrogatories to the fullest

4    extent possible under oath." *Lambert v. McKay*, No. C19-1829BJR-SKV, 2021 WL

5    5578861, at *2 (W.D. Wash. Nov. 30, 2021); Fed. R. Civ. P. 33(b)(3).  "The responding

6    party should use common sense and reason in" formulating their response and while they

7    need not undertake "extensive research, . . . a reasonable effort to respond must be

8    made." *Lambert*, 2021 WL 5578861, at *2.

9         Mr. Wong failed to provide the complete answers Rule 33 requires and gave

10   instead answers that were, on the whole, cursory and evasive.  For example, he used the

11   lack of documentary evidence to avoid providing narrative responses based on his

12   recollection.  (*See* Rainwater Decl. ¶ 6, Ex. D at 4-5 (answers to Interrogatory Nos.

13   11-12, 14-16).)  Indeed, he asserted that he could not recall, even in general terms, "any

14   conversations" he had concerning Nite Ize because they took place "many many years

15   ago and since then [he] switched phones." (*See id.* 2-3, 4-5.)  That lapse in memory is

16   difficult to square with Mr. Wong's recollection of a specific WeChat username with

17   which he communicated about Nite Ize products. (*See id.* at 2 (answer to Interrogatory

18   No. 1).)  And, in any event, the lack of documents does not justify Mr. Wong's lack of

19   complete answers.  *See Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-2389 SJO (SS),

20   2016 WL 11266869, at *9 (C.D. Cal. Oct. 18, 2016) (requiring litigant to "respond with a

21   narrative" answer where he claimed he was "unable to identify the particular documents

22   sufficient to respond to the questions posed by [the interrogatories]").

1       Where Mr. Wong did provide an answer, he did so incompletely.  In response to

2   Interrogatory Nos. 5-6, which asked Mr. Wong to identify other names he used to

3   "import[], acquire[], advertise[], market[], s[ell], or distribute[] Nite Ize Products or

4   Counterfeit Nite Ize Products," he identified only "Jack Nebressa – Shipito" as a name

5   used for importing.  (Rainwater Decl., Ex. D at 3.)  However, as Mr. Wong's counsel has

6   conceded, Mr. Wong used "about a half dozen fictitious names" to sell goods on

7   Amazon.  (*See* 1/19/22 Hr'g Tr. at 16:10.)  And when asked to identify any physical

8   addresses he resided at or conducted business at during the period in question, Mr. Wong

9   answered "none." (*See* Rainwater Decl., Ex. D at 3, 5 (answers to Interrogatory Nos. 7,

10  18).)  That answer strains credulity and certainly requires more elaboration than a single

11  word.

12      Plaintiffs' motion to compel complete answers to Interrogatory Nos. 1-2, 4-7,

13  11-12, 14-16, and 18 is GRANTED.  Mr. Wong shall provide Plaintiffs with complete

14  responses within thirty (30) days of the date this order is filed.

15  **D.   Plaintiffs' Request for Fees and Costs**

16      Plaintiffs ask the court to "order Mr. Wong and his counsel to pay fees and costs

17  incurred in bringing this motion."  (Mot. at 12.)  Under Rule 37, if the court grants a

18  motion to compel, "the court must, after giving an opportunity to be heard, require the

19  party . . . whose conduct necessitated the motion, the party or attorney advising that

20  conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

21  including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The court need not grant fees,

22  however, where "the opposing party's nondisclosure, response, or objection was

ORDER - 11

1    substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(iii).

2          Mr. Wong makes no serious attempt to justify his conduct during discovery;

3    indeed, he does not even discuss the contested interrogatory responses. (*See generally*

4    Resp.) And while his declaration provides some overdue clarity as to why he cannot

5    recover his WeChat messages, it also confirms that he failed to undertake the basic step

6    of contacting WeChat until "on or around December 15, 2021"—months after his

7    response to Plaintiffs' discovery requests was due. (*See* Wong Decl. ¶ 3.) Similarly, it is

8    clear that Mr. Wong's efforts to obtain financial records and bank statements began only

9    recently. (*See id.* ¶ 6 (describing efforts undertaken "during the week of" February 7,

10   2022).) Even if delays in some of Mr. Wong's recent efforts can be explained and

11   excused by health issues (*id.* ¶ 7), his declaration paints a picture of a defendant who

12   began to take his discovery obligations seriously only recently—months after discovery

13   was served—and only in response to Plaintiffs' threat of court involvement. (*See*

14   *generally* Wong Decl.) Mr. Wong represents that he is aware of and is "absolutely

15   heeding the [c]ourt's admonishments and making all efforts to get the necessary

16   information." (*Id.* ¶ 9.) The court certainly hopes that is true, but that belated realization

17   does not make his prior inaction "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(iii).

18         Accordingly, the court concludes that Mr. Wong's failure to adequately respond to

19   Plaintiffs' first set of discovery requests was not substantially justified and resulted in

20   unnecessary motion practice. The court invites Plaintiffs to file a request for payment of

21   expenses associated with this discovery dispute within fourteen (14) days of the filing of

22   this order.

ORDER - 12

1

## IV.   CONCLUSION

2          For the foregoing reasons, the court GRANTS Plaintiffs' motion to compel (Dkt.

3  # 56).  Mr. Wong is ORDERED to provide complete responses to Plaintiffs' RFP Nos.

4  2-4, 10-19, and 22.  Mr. Wong is further ORDERED to provide complete responses to

5  Plaintiffs' Interrogatory Nos. 1-2, 4-7, 11-12, 14-16, and 18.  Mr. Wong shall provide

6  these responses to Plaintiffs within thirty (30) days of the date this order is filed.

7  Plaintiffs are also INVITED to file a request for expenses under Federal Rule of Civil

8  Procedure 37(a)(5) within fourteen (14) days of the filing of this order.

9          Finally, because the court previously entered the parties' stipulated protective

10  order (Stip. Protective Order (Dkt. # 62)), Plaintiffs' motion for entrance of a protective

11  order (Dkt. # 56 at 12) is DENIED as moot.

12          Dated this 7th day of March, 2022.

13

14  _____

15  JAMES L. ROBART
    United States District Judge

16

17

18

19

20

21

22

ORDER - 13