1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

AMAZON.COM, INC., et al.,

CASE NO. C19-0990JLR

11

                Plaintiffs,

ORDER ON PLAINTIFFS'
MOTION FOR ATTORNEY'S
FEES

    v.

12
13

CHUN WONG, et al.,

14

                Defendants.

15

## I.    INTRODUCTION

16

    Before the court is Plaintiffs Amazon.com, Inc. ("Amazon") and Nite Ize, Inc.'s

17

("Nite Ize") (collectively, "Plaintiffs") motion for attorney's fees.  (Mot. (Dkt. # 67).)

18

Defendant Chun Wong has not submitted a response to Plaintiffs' motion (*see generally*

19

Dkt.), but his counsel represents that he has "no information with which to provide a

20

substantive opposition."  (*See* Rosenbaum Decl. (Dkt. # 70) ¶ 8.)  The court has

21

considered the parties' submissions, the relevant portions of the record, and the

22

*//*

1   applicable law.  Being fully advised,[1] the court GRANTS Plaintiffs' motion for

2   attorney's fees and AWARDS their counsel $12,000 in attorney's fees.

3                           **II.   BACKGROUND**

4        This action arises out of Mr. Wong's alleged operation of multiple Amazon

5   seller's accounts through which he advertised and sold counterfeit Nite Ize products.

6   (*See* Am. Compl. (Dkt. # 31) ¶ 6.)  Plaintiffs sued more than a dozen Defendants,

7   including Mr. Wong, for trademark infringement, false designation of origin, breach of

8   contract, false advertising, and civil conspiracy.  (*See id.* ¶¶ 78-113.)  To date, only Mr.

9   Wong has appeared in this matter.  (*See* Dkt.)  Plaintiffs served Mr. Wong with discovery

10  requests on July 23, 2021, to which Mr. Wong failed to timely or substantively respond.

11  (*See* 3/7/22 Order (Dkt. # 64) at 2.)  When the parties were unable to resolve their

12  discovery dispute, they brought the issue before the court.  (*Id.* at 2-3.)  After holding a

13  discovery hearing (1/19/22 Min. Entry (Dkt. # 54)), the court ordered Plaintiffs to submit

14  a motion to compel, which it subsequently granted.  (*See* 3/7/22 Order at 3, 13.)  The

15  court also invited Plaintiffs to file a request for expenses incurred in connection with this

16  dispute (*id.* at 12-13), which Plaintiffs have done through the instant motion.

17                          **III.   ANALYSIS**

18       Plaintiffs represent that their counsel collectively "billed a total amount of

19  $27,879.50 for work related to preparing for and attending the January 19, 2022

20  //

21

22  _____

     [1] Neither party has requested oral argument and the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rule W.D. Wash. LCR 7(b)(4).

discovery hearing with the [c]ourt," and related to drafting their motion to compel and reply in support of that motion.  (*See* Rainwater Decl. (Dkt. # 68) ¶ 11.)  That total is based on 47.9 hours of attorney and paralegal work, comprised of the following:  9.6 hours of work performed by attorney Lauren B. Rainwater at an hourly rate of $635 (*id.* ¶¶ 3, 9-10); 2.6 hours of work performed by Scott R. Commerson at an hourly rate of $785 (*id.* ¶¶ 4, 9-10); 7.1 hours of work performed by attorney Olivia M. Powar at an hourly rate of $535 (*id.* ¶¶ 5, 9); 29.4 hours of work performed by attorney Peter K. Bae at an hourly rate of $535 (*id.* ¶¶ 6, 9-10); and 1 hour of work performed by paralegal Ardie Ermac at an hourly rate of $215 (*id.* ¶¶ 7, 9-10).  However, Plaintiffs only request fees in "the discounted amount of $12,000."  (*Id.* ¶ 11; *see* Mot. at 1.)

Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5).  Courts calculate reasonable attorney's fees by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The resulting figure is presumptively reasonable.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The court calculates the reasonable hourly rate by looking to the rate prevailing in the Western District of Washington "for similar work performed by attorneys of

comparable skill, experience, and reputation." *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum where the district court sits").

The court previously found "that Mr. Wong's failure to adequately respond to Plaintiffs' first set of discovery requests was not substantially justified and resulted in unnecessary motion practice." (3/7/22 Order at 12.) And it now concludes that Plaintiffs' $12,000 fee request represents a reasonable number of hours expended at reasonable hourly rates. *See Hensley*, 461 U.S. at 433. The court reaches this conclusion after reducing the 49.7 hours Plaintiffs' counsel billed to the discovery dispute with Mr. Wong by an amount proportionate to their discounted fee request, and finding that sum— totaling approximately 21 hours—to be a reasonable number of hours to have spent on this dispute. Additionally, the court finds that the hourly rates used by Plaintiffs' counsel, which range from $535 to $785 for attorneys and $215 for paralegals (*see* Rainwater Decl. ¶¶ 3-7), are comparable to those "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation," *Chalmers*, 796 F.2d at 1210-11; *see also Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (finding "$475 to $760 per hour" to be a reasonable rate for attorneys located in Seattle).

//

//

//

ORDER - 4

1

## IV.    CONCLUSION

2        For the foregoing reasons, the court GRANTS Plaintiffs' motion for attorney's

3   fees (Dkt. # 67) and AWARDS Plaintiffs' counsel $12,000.  Mr. Wong is ORDERED to

4   remit payment to Plaintiffs' counsel in that amount.

5        Dated this 12th day of April, 2022.

6

7                                        _____

8                                        JAMES L. ROBART
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5