UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, et al., | CASE NO. C19-0990JLR |
| Plaintiffs, | ORDER ON STATUS REPORT |
| v. | |
| CHUN WONG, et al., | |
| Defendants. | |

The court is in receipt of Plaintiffs Amazon.com, Inc. ("Amazon") and Nite Ize, Inc.'s ("Nite Ize") (collectively, "Plaintiffs") status report and response to the court's May 23, 2022 show cause order. (Status Report (Dkt. # 80); *see also* 5/23/22 OSC (Dkt. # 79).) In that order, the court extended to August 18, 2022 Plaintiffs' deadlines for serving Defendants Shenzhen Haiming Limited ("Shenzhen") and Hu Nan Dong Limited ("Hu Nan"), and amending their complaint to name any individuals identified and joined in place of Defendants John Does 1-10. (5/23/22 OSC at 1-2.) If Plaintiffs were unable to complete service on those Defendants by that date, the court ordered that they show

ORDER - 1

cause why those un-served Defendants should not be dismissed from this action. (*See id.* at 2.)

Plaintiffs timely responded to the court's show cause order and represent that Defendant Chun Wong "has continued to fail to comply with the [c]ourt's [o]rder requiring him to provide discovery," purportedly because "he is in the process of retaining new counsel." (Status Report at 1.) This has left Plaintiffs without access to information they anticipated would allow them to serve Defendants Shenzhen and Hu Nan. (*See id.*) However, through their own investigative efforts, Plaintiffs have "uncovered a potential entity that may either be a successor to, or otherwise responsible for, Defendant Shenzhen." (*See id.* at 1-2.) They are "completing that investigation and" anticipate "seek[ing] leave to amend the [c]omplaint to name the correct Shenzhen entity" and also "voluntarily dismiss[ing] Defendant Hu Nan from the case." (*Id.* at 2.) Additionally, although Plaintiffs initially refrained from noticing Mr. Wong's deposition to allow him time to retain new counsel, they recently requested that he "sit for a deposition by September 30, 2022." (*Id.* at 1.)

Accordingly, Plaintiffs request an additional "90-day extension of the deadlines to amend the pleadings to name the correct Shenzhen entity and to identify any Doe Defendants." (*Id.* at 2.) Plaintiffs anticipate that, in this time, they will be able to depose Mr. Wong and uncover the identities and correct names of the un-served Defendants for service, and/or file a motion for summary judgment against Mr. Wong. (*See id.*)

//

//

In light of the foregoing, the court ORDERS as follows:

(1) Defendant Hu Nan is DISMISSED without prejudice from this action, based on Plaintiffs' failure to comply with the service requirements set forth in Rule 4.

(2) For good cause shown, Plaintiffs' request for a 90-day extension, to November 22, 2022, of the deadline to serve Shenzhen and amend their complaint with the true identities of the named Defendants is GRANTED. If Plaintiffs are unable to comply with that deadline, however, they must SHOW CAUSE by the same date why Shenzhen and the Doe Defendants should not be dismissed from this action based on their failure to complete service on those named Defendants in accordance with Federal Rule of Civil Procedure 4.

(3) Plaintiffs are additionally reminded that, pursuant to the current schedule in this matter, discovery is set to close on November 2, 2022 and dispositive motions are due by December 1, 2022. (*See* 3/11/22 Order (Dkt. # 66) at 2; *see also* 5/23/22 OSC at 2 (extending deadlines for service and amendment of the complaint only).) Requests for further modification to the schedule in this matter will be disfavored. As such, Plaintiffs should raise discovery issues, including those related to Mr. Wong's non-compliance, with the court in such time that they may be resolved in advance of those deadlines.

Dated this 24th day of August, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3