1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  AMAZON.COM INC., et al.,                    CASE NO. C19-0990JLR

11                           Plaintiffs,        ORDER DENYING
                                                DEFENDANT'S MOTION TO
            v.                                  AMEND
12

13  CHUN WONG, et al.,

14                           Defendants.

15              **I.    INTRODUCTION**

16      Before the court is Defendant Chun Wong's motion to amend his answer and

17  assert a counterclaim against Plaintiffs Amazon.com, Inc. ("Amazon") and Nite Ize, Inc.

18  ("Nite Ize") (collectively, "Plaintiffs").  (MTA (Dkt. # 96); Reply (Dkt # 98).)  Plaintiffs

19  oppose the motion.  (Resp. (Dkt. # 97).)  The court has reviewed the motion, the relevant

20  //

21  //

22  //

1    portions of the record, and the governing law.  Being fully advised,[1] the court DENIES

2    Mr. Wong's motion to amend his answer and assert a counterclaim.

3                              **II.      BACKGROUND**

4           This action arises out of Plaintiffs' allegations that Mr. Wong established and

5    operated numerous Amazon selling accounts through which he sold counterfeit Nite Ize

6    STEELIE products in the Amazon Store.  (FAC (Dkt. # 31) ¶¶ 36, 38.)  On June 26,

7    2019, Plaintiffs filed this action against Mr. Wong and other defendants, alleging

8    trademark infringement, false designation of origin, breach of contract, false advertising,

9    and civil conspiracy.  (*See* Compl. (Dkt. # 1); FAC ¶¶ 78-113.)  Mr. Wong did not

10   answer the amended complaint until July 1, 2021.  (Ans. (Dkt. # 41).)

11          On March 11, 2022, the court filed a scheduling order which set the deadline for

12   the parties to amend their pleadings on May 20, 2022.  (3/11/22 Sched. Ord. (Dkt. # 66)

13   at 2.)  Notably, Mr. Wong did not file the present motion to amend before that deadline.

14   (*See* MTA.)

15          After Mr. Wong repeatedly failed to respond adequately to Plaintiffs' discovery

16   requests, even after the court granted Plaintiffs' motion to compel such responses,

17   Plaintiffs planned to file a motion for sanctions and entry default after the November 2,

18   2022 discovery deadline.  (*See, e.g.*, Resp. at 3; Pls. 11/2/22 SR (Dkt. # 84); Pls. 11/14/22

19   OSC Resp. (Dkt. # 87); Mot. to Compel (Dkt. # 56); 3/7/22 Ord. (Dkt. # 64) at 13; Powar

20   Decl. (Dkt. # 58) ¶ 2; 1/31/22 Rainwater Decl. (Dkt. # 57) ¶¶ 3-8.)  On November 1,

21

22          [1] Neither party requests oral argument (*see* MTA at 1; Resp. at 1), and the court finds oral
     argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

2022, however, Mr. Wong filed for bankruptcy.  *See* Chapter 7 Voluntary Petition, *In re Wong*, No. 22-11767TWD (Bankr. W.D. Wash. Nov. 1, 2022), Dkt. # 1.  On November 16, 2022, this court stayed the case pending the resolution of Mr. Wong's bankruptcy proceeding.  (11/16/22 Ord. (Dkt. # 89).)  On February 16, 2023, the bankruptcy court dismissed Mr. Wong's case because he failed to appear for his Section 341 Meeting of Creditors.  *See* Ex Parte Order Dismissing Case for Failure to Appear at Meeting of Creditors, *In re Wong*, No. 22-11767TWD (Bankr. W.D. Wash. Feb. 16, 2023), Dkt. # 35.  On February 17, 2023, the court lifted its stay pursuant to 11 U.S.C. § 362(C)(2)(B).  (2/17/23 Ord. (Dkt. # 91).)

Plaintiffs then filed their motion for sanctions and entry of default against Mr. Wong.  (*See* Mot. for Sanctions (Dkt. # 92).)  On March 7, 2023, the court deferred ruling on Plaintiffs' motion for sanctions and default and ordered Mr. Wong to fully respond to Plaintiffs second set of discovery requests by March 21, 2023, and to complete his deposition by March 31, 2023.  (*See* 3/6/23 Ord. (Dkt. # 95).)

On March 13, 2023, Mr. Wong filed the instant motion for leave to amend his answer.  (MTA at 1.)

## III.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), courts should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  After a district court files a scheduling order and the deadline for amending a pleading expires, however, a party moving to amend a pleading must first show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4).  Fed. R. Civ. P. 16(b)(4);

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  If a party

can show "good cause" under Rule 16(b)(4), it must then demonstrate that the

amendment is proper under Rule 15(a).  *Johnson*, 975 F.2d at 608.  "Unlike Rule 15(a)'s

liberal amendment policy which focuses on the bad faith of the party seeking to interpose

an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking the amendment."  *Id.* at

609.

Here, the court filed its scheduling order on March 11, 2022, and the deadline for

amending pleadings expired on May 20, 2022.  (3/11/22 Sched. Ord. at 2.)  Because Mr.

Wong did not file his motion to amend until March 13, 2023, the court must first

determine whether Mr. Wong has shown "good cause" under Rule 16(b)(4) before

considering whether Mr. Wong may amend his complaint under Rule 15(a).

**A.      Mr. Wong Has Not Shown "Good Cause"**

To show "good cause" under Rule 16(b)(4), a party must show that, despite its

diligence, it could not meet the deadline in the scheduling order.  *Johnson*, 975 F.2d at

609.  "If the party was not diligent, the inquiry should end."  *Id*.

Mr. Wong did not discuss the "good cause" standard under Rule 16(b)(4) in his

briefing (*see generally* MTA; Reply), even after Plaintiffs raised and argued the issue in

their response (*see generally* Resp. at 4-5).  Instead, Mr. Wong argues extensively that his

proposed amendments are proper under Rule 15(a).  (*See generally* MTA; Reply.)

Absent the initial showing required under Rule 16(b)(4), the court is foreclosed from

1   considering whether amendment is appropriate under Rule 15(a).[2]  *See Johnson*, 975 F.2d

2   at 608.  As such, the court concludes that Mr. Wong has not shown "good cause" for

3   amendment under Rule 16(b)(4).  *See id*. at 609.

4   **B.    Mr. Wong's Proposed Amendments Would Cause Undue Delay and His
        Counterclaim Is Futile**

5       Even if Mr. Wong had shown "good cause" under Rule 16(b)(4), denial of his

6   motion to amend is also appropriate under Rule 15(a).  Courts consider five factors to

7   assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay,

8   (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party

9   has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373

10  (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.

11  1989)).

12      Mr. Wong requests the court grant him leave to amend his answer for three

13  reasons:  (1) to incorporate more complete statements of fact; (2) to supplement

14  previously made denials; and (3) to include a counterclaim for abuse of process against

15  Amazon.  (MTA at 1.)

16      Mr. Wong's first two reasons do not justify granting leave to amend because the

17  proposed amendments would cause undue delay.  When evaluating undue delay, a court

18  inquires "whether the moving party knew or should have known the facts and theories

19  raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d

20

21      [2] Regardless, any such argument would fail.  Mr. Wong has not demonstrated diligence:
22  not only did he fail to request an extension, but he also filed the present motion ten months after
    the deadline.  (*See generally* 3/11/22 Sched. Ord.; Dkt.; MTA); *see Johnson*, 975 F.2d at 609.

1    1385, 1388 (9th Cir. 1990) (finding an eight-month delay between the time of obtaining

2    relevant facts and seeking a leave to amend to be "unjustified").  Here, Mr. Wong knew

3    or should have known the facts he asserts in his proposed amended answer either when

4    he filed his original pleading or before the deadline for amending pleadings.  (*See*

5    *generally* MTA, Ex. 1 ("Proposed Am. Ans.").)

6         Mr. Wong's third reason for seeking amendment also does not justify granting

7    leave to amend because his proposed counterclaim fails as a matter of law and

8    amendment would therefore be futile.  *See Allen*, 911 F.2d at 373; *Bonin v. Calderon*, 59

9    F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of

10   a motion for leave to amend.").  "A determination of futility contemplates

11   whether . . . the amendment could present a viable claim on the merits for which relief

12   could be granted." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (citing

13   *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010)).

14        Mr. Wong seeks to allege a counterclaim that Plaintiffs violated RCW 4.24.350 by

15   pursuing a malicious prosecution against him.  (*See* Proposed Am. Ans. ¶¶ 155-70; MTA

16   at 10-11 (explaining that his claim is based on RCW 4.24.250).)  To prevail on a civil

17   malicious prosecution claim, the plaintiff must show, among other elements, a lack of

18   "probable cause for the institution or continuation of the prosecution." *Clark v. Baines*,

19   84 P.3d 245, 248 (Wash. 2004); *see also Nguyen v. Cnty. of Clark*, No. C10-5267BHS,

20   2011 WL 181393, at *3 (W.D. Wash. Jan. 19, 2011) (defining lack of probable cause as

21   //

22   //

1   an absence of reasonable belief in the existence of facts on which its claim is based or in

2   the legal validity of the claim itself).[3]

3          Here, Plaintiffs allege that Mr. Wong established and operated numerous

4   counterfeit Nite Ize selling accounts in the Amazon Store, and Mr. Wong has admitted at

5   least in part to that conduct.  (FAC ¶ 36; Def. Status Rep. (Dkt. # 85) ¶ 7; *see also* MTA

6   at 10 (acknowledging that Mr. Wong "has long admitted what he has done").)  Because

7   there is a reasonable factual basis for Plaintiffs' claims, Plaintiffs had probable cause to

8   initiate their lawsuit.  As a result, Mr. Wong's proposed counterclaim fails as a matter of

9   law.  Because Mr. Wong's proposed counterclaim and amendments are futile and would

10  cause undue delay under Rule 15(a), the court DENIES Mr. Wong's motion to amend his

11  answer.

12                    **IV.    CONCLUSION**

13         For the reasons stated above, the court DENIES Mr. Wong's motion to amend his

14  answer and assert a counterclaim (Dkt. # 96).

15         Dated this 6th day of April, 2023.

16

17                                            _____

18                                            JAMES L. ROBART
                                             United States District Judge

19

20  _____

    [3] Additionally, a party alleging a claim of civil malicious prosecution must show (1) that
    the prosecution claimed to have been malicious was instituted or continued by the defendant;

21  (2) that the proceedings were instituted or continued through malice; (3) that the proceedings
    terminated on the merits in favor of the plaintiff, or were abandoned; (4) that the plaintiff
    suffered injury or damage as a result of the prosecution (5) arrest or seizure of property and

22  (6) special injury (meaning injury which would not necessarily result from similar causes of
    action).  *Clark*, 84 P.3d at 248-49.