1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 AMAZON.COM, INC., et al.,                          CASE NO. C19-0990JLR

11                              Plaintiffs,            ORDER

12           v.

13 CHUN WONG, et al.,

14                              Defendants.

15              **I.    INTRODUCTION**

16      Before the court is Plaintiffs Amazon.com, Inc. and Nite Ize, Inc.'s (together,

17 "Plaintiffs") renewed motion for sanctions and entry of default against Defendant Chun

18 Wong.  (Mot. (Dkt. # 101); Reply (Dkt. # 105).)  Plaintiffs ask the court to sanction Mr.

19 Wong for his repeated failures to cooperate with discovery by entering default against

20 Mr. Wong and awarding them the attorneys' fees and costs they incurred in bringing this

21 motion.  (Mot. at 1.)  Mr. Wong opposes the motion.  (Resp. (Dkt. # 103).)  The court has

22 reviewed the motion, the relevant portions of the record, and the governing law.  Being

1  fully advised,[1] the court GRANTS Plaintiffs' renewed motion for sanctions and entry of

2  default.

3  ## II.    BACKGROUND

4  This action arises out of Mr. Wong's alleged operation of multiple Amazon selling

5  accounts through which he sold counterfeit Nite Ize STEELIE products.  (*See* Am.

6  Compl. (Dkt. # 31) ¶¶ 36, 38.)  Plaintiffs filed this action against Mr. Wong and about a

7  dozen other defendants—several of which Mr. Wong later admitted were pseudonyms he

8  used to create accounts on Amazon.com—on June 26, 2019.  (*See* Compl. (Dkt. # 1);

9  Ans. (Dkt. # 41) ¶¶ 15-19 (admitting that Mr. Wong operated seller's accounts under the

10  names James Lee, Steve Max, Zack Grey, Jeffrey Hall, and Derek Wilson); Resp. at 10.)

11  Plaintiffs allege claims for trademark infringement, false designation of origin, breach of

12  contract, false advertising, and civil conspiracy.  (Am. Compl. ¶¶ 78-113.)  Mr. Wong is

13  the only Defendant who has appeared in this matter.  (*See* Dkt.)  The court has either

14  dismissed or entered default against all other Defendants.  (*See* 6/4/21 Order of Default

15  (Dkt. # 38) (entering default against Zack Grey, Jeffrey Hall, Adam Jones, Jacky Likens,

16  Steve Max, Jacob Smith, Derek Wilson, and James Lee); 11/4/21 Order of Default (Dkt.

17  # 50) (entering default against Kevin Bao and Duan Bo Jiang); 8/24/22 Order (Dkt. # 81)

18  (dismissing Hu Nan Dong Limited without prejudice); 11/16/22 Order (Dkt. # 89)

19  (dismissing Shenzhen Haiming Limited and Does 1-10 without prejudice).)

20

21  ───────────────
   [1] Mr. Wong has requested oral argument (*see* Resp. at 1); Plaintiffs have not (*see* Mot. at
22  1).  The court finds oral argument unnecessary to its disposition of the motion.  *See* Local Rules
   W.D. Wash. LCR 7(b)(4).

1   Plaintiffs served Mr. Wong with their first set of interrogatories and requests for

2   production ("RFPs") of documents on July 23, 2021.  (*See* 1/31/22 Rainwater Decl. (Dkt.

3   # 57) ¶ 2, Ex. A (first set of interrogatories and RFPs).)  When Mr. Wong failed to timely

4   respond to these discovery requests, the parties agreed that he would have until October

5   1, 2021, to respond and that any objections he might have asserted would be deemed

6   waived.  (1/31/22 Rainwater Decl. ¶¶ 3-5.)  Although Mr. Wong responded to Plaintiffs'

7   interrogatories on October 1, 2021, he did not produce any documents and Plaintiffs

8   found many of his responses insufficient.  (*Id.* ¶ 6, Exs. D-E (Mr. Wong's October 1,

9   2021 responses to Plaintiffs' first set of discovery requests).)  Mr. Wong then agreed to

10  provide supplemental responses to Plaintiffs' discovery requests by October 19, 2021.

11  (*Id.* ¶ 7; Powar Decl. (Dkt. # 58) ¶ 2.)  He missed that deadline, however, and did not

12  supplement his responses until December 16, 2021.  (1/31/22 Rainwater Decl. ¶¶ 7-8,

13  Exs. G-H (Mr. Wong's supplemental RFP responses).)  Even then, Mr. Wong provided

14  only a few documents and did not supplement his interrogatory answers.  (*See id.* ¶ 8.)

15  After the parties failed to resolve their differences through a further meet and

16  confer session, they requested a discovery hearing, which the court held on January 19,

17  2022.  (*Id.* ¶ 9; 1/19/22 Min. Entry (Dkt. # 54).)  During this hearing, counsel for Mr.

18  Wong stated that potentially responsive documents and communications that had been

19  stored in the WeChat messaging system were not available because Mr. Wong had lost

20  his phone and could not access his account with his new phone.  (1/31/22 Rainwater

21  Decl. ¶ 10, Ex. I ("1/19/22 Hr'g Tr.") at 7:5-24.)  The court admonished counsel that it is

22  not enough, when responding to discovery requests, "[s]imply to say that I lost the phone,

1    or I destroyed the phone, [or] I don't know what happened to the phone." (*Id.* at

2    8:11-14.)  Rather, the court instructed Mr. Wong to "give a full explanation, as opposed

3    to a conclusion" regarding the efforts he made to obtain the requested information. (*Id.* at

4    12:2-8.)  The court warned that failure to provide "satisfactory . . . , full, [and] complete"

5    responses to Plaintiffs' discovery requests could result in the court striking Mr. Wong's

6    answer and entering default judgment against him. (*Id.* at 12:9-13.)  In addition, the court

7    directed Plaintiffs to file a motion to compel. (1/19/22 Min. Entry; *see* Mot. to Compel

8    (Dkt. # 56).)

9        In their motion to compel, Plaintiffs sought responses to 14 RFPs, which they

10   divided into two broad categories of documents and communications relating to (1) Mr.

11   Wong's procurement and sale of Nite Ize products and (2) "accounting

12   documents . . . and documents evidencing any transmittal of funds." (*See* Mot. to

13   Compel at 9-10.)  Plaintiffs also asked the court to compel Mr. Wong to provide

14   complete responses to 12 interrogatories, particularly those regarding the individuals with

15   whom he communicated regarding Nite Ize products; the fictitious names and business

16   entities he used to import or sell Nite Ize products; and Mr. Wong's, sale, distribution, or

17   importation of Nite Ize products, including related financial information. (*Id.* at 10-11.)

18   In response, Mr. Wong asked the court to limit its order to "information concerning

19   Amazon;" explained that he used WeChat almost exclusively for communications

20   regarding his purchases and sales of products; described his unsuccessful efforts to obtain

21   his WeChat messages; stated that he no longer had access to certain information after

22   Amazon closed his selling accounts; and asserted that he was starting to receive

ORDER - 4

potentially responsive banking records.  (*See* Mot. to Compel Resp. (Dkt. # 59) ¶¶ 4-6, 8; 2/14/22 Wong Decl. (Dkt. # 60) ¶¶ 2-8 (explaining efforts to obtain documents).)

On March 7, 2022, the court granted Plaintiffs' motion to compel and ordered Mr. Wong to provide complete responses to Plaintiffs' RFPs and interrogatories by no later than April 6, 2022.  (3/7/22 Order (Dkt. # 64) at 5-11, 13.)  In relevant part, the court concluded with respect to Plaintiffs' RFPs that Mr. Wong had provided "competent evidence that sufficiently explains his failure to produce WeChat messages from the relevant time period and that those messages cannot be reasonably recovered."  (*Id.* at 6; *see also* 2/14/22 Wong Decl. ¶¶ 2-5 (explaining the efforts Mr. Wong made to try to recover his WeChat messages).)  However, the court ordered Mr. Wong to provide complete responses to Plaintiffs' requests for financial records and other documents related to his procurement and sale of counterfeit Nite Ize products.  (*Id.* at 8-9.)  The court instructed that if "requested documents cannot be produced because they would have been contained within the lost WeChat message files, [Mr. Wong] must carefully explain that and must identify the particular document or kind of document affected."  (*Id.*)  With respect to the interrogatories, the court concluded that Mr. Wong's answers were "cursory and evasive" and "incomplete," and that Mr. Wong's inability to access underlying documents did not justify his failure to provide narrative answers to Plaintiffs' queries.  (*Id.* at 10-11.)  The court ordered Mr. Wong to respond in full to the RFPs and interrogatories by no later than April 6, 2022.  (*Id.* at 13.)  The court also granted Plaintiffs' request for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) after finding that Mr. Wong's failure to respond to Plaintiffs'

1   discovery requests "was not substantially justified and resulted in unnecessary motion

2   practice." (*Id.* at 11-12; *see also* 4/12/22 Order (Dkt. # 71) (granting Plaintiffs' request

3   for $12,000 in attorneys' fees).)

4        In April 2022, Mr. Wong's former attorneys moved to withdraw, citing Mr.

5   Wong's failure to communicate with them and to cooperate with their efforts to comply

6   with the court's March 7, 2022 order. (*See* Mot. to Withdraw (Dkt. # 69); Renewed Mot.

7   to Withdraw (Dkt. # 73).) Counsel listed 51 dates on which they had reached out to Mr.

8   Wong over email and by telephone regarding the production of documents and

9   information responsive to Plaintiffs' discovery requests. (Rosenbaum Decl. (Dkt. # 74)

10  ¶¶ 3-8.) These efforts included at least eight unsuccessful contacts with Mr. Wong after

11  the court issued its March 7, 2022 order, including an attempt to obtain information to

12  oppose Plaintiffs' motion for attorneys' fees and costs. (*Id.* ¶¶ 6-8.) Despite counsel's

13  efforts, Mr. Wong did not produce any additional information. (Renewed Mot. to

14  Withdraw at 2.) The court granted counsel's motion to withdraw and Mr. Wong

15  proceeded *pro se*. (*See* 5/10/22 Order (Dkt. # 76).)

16       Plaintiffs assert that they contacted Mr. Wong seven times after counsel withdrew

17  regarding his efforts to obtain new counsel and to schedule his deposition. (3/2/23

18  Rainwater Decl. (Dkt. # 93) ¶ 2.) Although Mr. Wong stated in a May 20, 2022 email

19  that he would contact his shipper about documents, he never produced any such

20  documents. (*Id.*)

21       Mr. Wong's current attorney filed a notice of appearance on September 12, 2022.

22  (Notice (Dkt. # 82).) On September 13, 2022, counsel for the parties met and conferred

1   regarding the outstanding discovery and Mr. Wong's deposition.  (3/2/23 Rainwater Decl.

2   ¶ 3; *id.*, Ex. B (email memorializing the meet and confer session).)  On September 14,

3   2022, Mr. Wong produced two bank records and a description of the shopping center

4   where he sourced his counterfeit Nite Ize goods.  (*Id.* ¶ 4; *id.*, Ex. D (email and

5   attachments).)

6        Mr. Wong sat for his deposition on September 21, 2022.  (*Id.* ¶ 5.)  The parties

7   agreed to leave the deposition open for a second day because Mr. Wong had failed to

8   produce responsive documents in advance of the deposition, because Mr. Wong's

9   attorney was presenting a CLE during the middle of the scheduled deposition day, and

10  because "the presence of a translator necessitated more time."  (3/2/23 Rainwater Decl.

11  ¶ 5.)  Mr. Wong subsequently produced tax returns for 2020 and 2021 and photos of

12  non-Nite Ize products he had stored in his basement.  (*Id.* ¶ 6.)

13       Subsequently, Plaintiffs reached out to Mr. Wong's attorney several times

14  regarding Mr. Wong's availability for the second day of his deposition.  (*Id.* ¶¶ 7-10.)

15  After receiving no response to their inquiries, Plaintiffs noted Mr. Wong's deposition for

16  November 2, 2022—the last day of discovery.  (*Id.* ¶¶ 10-11; *see* 3/11/22 Sched. Order

17  (Dkt. # 66).)  In addition, on September 27, 2022, they served a second set of discovery

18  requests on Mr. Wong.  (3/2/23 Rainwater Decl. ¶ 8.)  Mr. Wong did not respond to those

19  requests or request an extension of the deadline to respond.  (*Id.* ¶¶ 8, 14.)

20       On November 1, 2022, Plaintiffs reached out to Mr. Wong's attorney to request a

21  meet and confer conference and to confirm that Mr. Wong would attend the second day

22  of his deposition.  (*Id.* ¶ 11.)  In response, Mr. Wong's attorney told Plaintiffs that he

1    "anticipate[d] the filing of a bankruptcy petition" and did "not expect [Mr. Wong] to

2    attend [the November 2, 2022] deposition or engage with you any further."  (*Id.*; *see id.*,

3    Ex. K, at 102-03[2] (email from Mr. Wong's attorney).)  Mr. Wong filed his bankruptcy

4    petition that same day.  *See* Chapter 7 Voluntary Petition, *In re Wong*, No.

5    22-11767TWD (Bankr. W.D. Wash. Nov. 1, 2022), Dkt. # 1; (*see also* Def.'s 11/3/22

6    Rep. (Dkt. # 85) (explaining the circumstances leading up to the bankruptcy filing)).  As

7    a result, the court stayed this case pending the resolution of Mr. Wong's bankruptcy

8    proceeding.  (11/16/22 Ord. (Dkt. # 89) (citing 11 U.S.C. § 362(a)(1)).)

9            On February 16, 2023, the bankruptcy court dismissed Mr. Wong's case because

10   he failed to appear for his Section 341 Meeting of Creditors.  (*See* 2/17/23 JSR (Dkt.

11   # 90) ¶ 3 (citing Ex Parte Order Dismissing Case for Failure to Appear at Meeting of

12   Creditors, *In re Wong*, No. 22-11767TWD (Bankr. W.D. Wash. Feb. 16, 2023), Dkt.

13   # 35).)  The court lifted the stay in this case on February 17, 2023, pursuant to 11 U.S.C.

14   § 362(C)(2)(B).  (2/17/23 Ord. (Dkt. # 91).)

15           Plaintiffs filed their first motion for sanctions and entry of default against Mr.

16   Wong on March 2, 2023.  (1st. Default Mot. (Dkt. # 92).)  On March 6, 2023, the court

17   ordered Mr. Wong to (1) fully comply with the court's March 7, 2022 order granting

18   Plaintiffs' motion to compel by no later than March 21, 2023; (2) respond to Plaintiffs'

19   second set of discovery requests by no later than March 21, 2023; and (3) sit for the

20   second day of his deposition by no later than March 31, 2023.  (3/6/23 Order (Dkt. # 95)

21

22           [2] The court refers to the page numbers in the CM/ECF header when citing the exhibits to
     the March 2, 2023 Rainwater declaration.

¶¶ 1-3.)  The court also granted Plaintiffs leave to renew their motion for sanctions and entry of default if Mr. Wong did not comply with the order.  (*Id.* ¶ 4.)  Finally, the court warned Mr. Wong "that failure to comply with his discovery obligation and [the March 6, 2023] order may result in the imposition of sanctions, up to and including entry of default in Plaintiffs' favor."  (*Id.* ¶ 5.)

On March 8, 2023, Plaintiffs emailed Mr. Wong's attorney to request Mr. Wong's availability for the second day of his deposition, specific documents still outstanding from Plaintiffs' requests, and a declaration from Mr. Wong "outlining the efforts he has taken to obtain the documents and information or an explanation of why no documents or information exist." (6/15/23 Rainwater Decl. (Dkt. # 102) ¶ 2; *id.*, Ex. A (email from Plaintiffs' attorney, listing the specific documents requested).)  Mr. Wong produced some supplemental documents and interrogatory responses on March 20, 2023, but still did not produce any emails, documents related to his procurement and sale of counterfeit Nite Ize products, documents that he had promised to produce during the first day of his deposition, or information about his efforts to obtain any missing documents.  (*Id.* ¶¶ 3-4; *id.*, Ex. B (supplemental responses).)  To the contrary, he simply asserted that he did not have access to his account on Shipito, the company he used to import the counterfeit Nite Ize products; that all of his communications about Nite Ize products were made through WeChat; that he had deleted all his email messages in 2020 before he was aware of this lawsuit; and that he did not have access to his Amazon selling accounts.  (*Id.*, Ex. B; *id.* ¶ 5, Ex. C (email from Mr. Wong's attorney to Plaintiffs' attorney); *see also* 6/26/23 Wong Decl. ¶ 5 (stating that he deleted the email messages because he was otherwise

1    going to have to pay for additional storage).)  On March 23, 2023, Plaintiffs emailed Mr.

2    Wong's attorney a list of specific deficiencies with Mr. Wong's supplemental production.

3    (6/15/23 Rainwater Decl. ¶ 5, Ex. C (March 23, 2023 email correspondence between Mr.

4    Wong's attorney and Plaintiffs' attorney).)  In response, Mr. Wong's attorney asserted

5    that the documents either did not exist or were not accessible.  (*Id.*)

6         Mr. Wong sat for the second day of his deposition on March 31, 2023.  (*See*

7    3/31/23 Wong Dep. at 1.[3])  During that deposition, he admitted that he had not made any

8    efforts to contact Shipito for assistance in accessing his account, had not contacted his

9    freight forwarder or shipping company, and had not attempted to contact any of his

10   WeChat connections about this case.  (*Id.* at 61:13-15, 31:11-32:12, 33:17-25.)  He

11   repeatedly stated that he did not know or remember what he did with respect to procuring

12   products or searching for responsive documents.  (*Id.* at 17:12-20, 21:22-25, 36:23-37:1,

13   45:3-13, 67:4-8.)  He also asserted that the only way he could identify his freight

14   forwarder, shipping company, factory, and supplier would be to return to China and look

15   for them.  (*Id.* at 34:1-19, 63:4-25.)  Although he returned to live in Guangzhou, China on

16   April 25, 2023 (6/26/23 Wong Decl. ¶ 13), he has not yet provided that information to

17   Plaintiffs (*see* Reply at 2).

18        Plaintiffs now renew their motion for sanctions and entry of default.  They

19   characterize their discovery requests as seeking "information, communications, and

20

21        [3] Plaintiffs have submitted two sets of excerpts of the transcript of Mr. Wong's March 31,
     2023 deposition.  (6/15/23 Rainwater Decl. ¶ 6, Ex. D; 6/30/23 Rainwater Decl. (Dkt. # 106) ¶ 3,
22   Ex. B.)  For ease of reference, the court cites directly to the relevant page and line numbers of the
     deposition transcript rather than to the exhibits.

1    documents related to [Mr.] Wong's procurement and sale of counterfeit Nite Ize products,

2    all of which would allow Plaintiffs to ascertain the extent of [Mr.] Wong's involvement

3    in Defendants' pervasive counterfeiting scheme, and the identities of other bad actors and

4    conspirators." (Mot. at 1.) They assert that Mr. Wong still has not provided the

5    documents and information the court compelled him to produce in its March 7, 2022 and

6    March 6, 2023 orders. (*Id.*; *see* 6/15/23 Rainwater Decl. ¶ 7 (listing the outstanding

7    documents).) In response, Mr. Wong asserts that sanctions are unwarranted because he

8    produced documents to the best of his ability; did not keep records; and cannot access his

9    WeChat, email, Amazon, and Shipito accounts to retrieve documents or communications

10    that may have been stored in those systems. (Resp. at 1-2, 5-6; 6/26/23 Wong Decl.

11    ¶¶ 2-7.)

### III.  ANALYSIS

13      The Federal Rules of Civil Procedure authorize the court to impose sanctions

14    against a party who fails to "to obey an order to provide or permit discovery." Fed. R.

15    Civ. P. 37(b)(2)(A). Such sanctions may include "prohibiting the disobedient party from

16    supporting or opposing designated claims or defenses," "striking pleadings in whole or in

17    part," or "rendering a default judgment against the disobedient party." Fed. R. Civ. P.

18    37(b)(2)(A)(ii), (iii), (vi). "By the very nature of its language, sanctions imposed under

19    Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v.*

20    //

21    //

22    //

1   *Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far W. Eng'g*

2   *Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).[4]

3          To justify case-dispositive sanctions under Rule 37(b)(2), the court must find that

4   the discovery violations were due to the "willfulness, bad faith, or fault of the party." *Bd.*

5   *of Tr. of Wash. Meat Indus. Pension Tr. v. Hammond Food*, No. C13-0474JLR, 2014 WL

6   2000351, at *1 (W.D. Wash. May 15, 2014) (quoting *Commodity Futures Trading*

7   *Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770–71 (9th Cir. 1995)).  If the court

8   finds willful conduct, it then considers five factors to determine whether case-dispositive

9   sanctions are appropriate:  "(1) the public's interest in expeditious resolution of litigation;

10  (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

11  sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

12  availability of less drastic sanctions." *Id.* at *2 (quoting *Conn. Gen. Life Ins. Co. v. New*

13  *Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)).

14         For the reasons set forth below, the court concludes that the sanction of entry of

15  default in Plaintiffs' favor is warranted.

16  **A.    Mr. Wong Violated the Court's Discovery Orders**

17         First, the court concludes that Mr. Wong violated the discovery orders it issued on

18  March 7, 2022 and March 6, 2023.  (*See* 3/7/22 Order; 3/6/23 Order.)  Mr. Wong does

19  not appear to dispute that he violated these orders.  (*See, e.g.*, Resp. at 1 (acknowledging

20

21         ⁴ District courts also have "inherent power to control their dockets" and may "impose
    sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth. of*
22  *City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

1    that his "compliance with these orders may not have been adequate at the time").)  In its

2    March 7, 2022 order, the court compelled Mr. Wong to respond to specific RFPs and

3    interrogatories by no later than April 6, 2022. (3/7/22 Order at 13.)  Mr. Wong, however,

4    did not supplement his responses before that deadline.  (*See* Renewed Mot. to Withdraw

5    at 2 (stating that Mr. Wong had not provided any additional information to his former

6    counsel as of April 27, 2022).)  Indeed, Mr. Wong's former attorneys withdrew from this

7    case because Mr. Wong did not cooperate with their efforts to comply with the March 7,

8    2022 order.  (*See id.*; Rosenbaum Decl. ¶¶ 6-8 (detailing counsel's efforts to work with

9    Mr. Wong after the court issued that order).)  Mr. Wong also did not supplement his

10   production while he was proceeding *pro se*.  (*See* 3/2/23 Rainwater Decl. ¶ 2.)  As a

11   result, it was not until mid-September 2022—six months after the court issued its order

12   granting Plaintiffs' motion to compel—that Mr. Wong produced any additional

13   documents (*see id.* ¶ 4); and it was not until March 20, 2023 that Mr. Wong provided

14   supplemental responses to Plaintiffs' first set of interrogatories (*see* 6/15/23 Rainwater

15   Decl. ¶ 4).  The court has little trouble concluding that Mr. Wong violated the March 7,

16   2022 order.

17          Mr. Wong also violated the court's March 6, 2023 order.  In that order, the court

18   directed Mr. Wong to "fully comply" with its March 7, 2022 order granting Plaintiffs'

19   motion to compel by no later than March 21, 2023.  (3/6/23 Order at 2.)  Although Mr.

20   Wong states that documents responsive to Plaintiffs' first set of discovery requests are

21   not available because he cannot access his email, Shipito, and Amazon accounts (*see*

22   Resp. at 1-2, 5-6), he has made no effort to comply with the court's instructions to

1    "carefully explain" why the requested documents cannot be produced, "identify the

2    particular document or kind of document affected," and support his assertions with

3    "competent evidence" (3/7/22 Order at 9; *id.* at 7 (quoting *Doe v. Trump*, 329 F.R.D. 262,

4    270-71 (W.D. Wash. 2018)); *see* 6/26/23 Wong Decl. ¶¶ 3-7 (stating he made "extensive

5    efforts" to comply without explaining what those efforts were)).  In addition, the court

6    directed Mr. Wong to respond to Plaintiffs' second set of discovery requests, which

7    Plaintiffs had served on September 28, 2022, by no later than March 21, 2023.  (3/7/22

8    Order at 2.)  The court has found nothing in the record that shows that Mr. Wong

9    provided answers and responses to these interrogatories and RFPs before this deadline.

10   (*See generally* Resp.; 6/26/23 Wong Decl.)  As a result, the court concludes that Mr.

11   Wong violated both of its discovery orders.

12   **B.    Mr. Wong's Violations of the Court's Orders Were Willful**

13          Having concluded that Mr. Wong violated the discovery orders, the court must

14   determine whether Mr. Wong's violations of those orders were willful.  "Disobedient

15   conduct not outside the control of the litigant is all that is required to demonstrate

16   willfulness, bad faith or fault." *Hammond Food*, 2014 WL 2000351, at *1 (citing *Henry*

17   *v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993)).  Mr. Wong's sole response to

18   Plaintiffs' argument that his violations of the court's discovery orders were willful is,

19   "Well, that is their opinion." (Resp. at 1.)  The court disagrees.  There is nothing in the

20   record to indicate that circumstances beyond Mr. Wong's control prevented him from

21   cooperating with his former attorneys in complying with the court's March 7, 2022 order.

22   (*See generally* Resp.; 6/26/23 Wong Decl.)  Mr. Wong was aware of the court's

admonition to "give a full explanation, as opposed to a conclusion" regarding the efforts

he made to obtain requested information that he was unable to produce and that failure to

cooperate with discovery could result in entry of default.  (1/19/22 Hr'g Tr. at 12:2-8;

2/14/22 Wong Decl. ¶ 9 (stating that Mr. Wong "reviewed the transcript of this [c]ourt's

January 19th hearing . . . and [is] absolutely heeding the [c]ourt's admonishments and

making all efforts to get the necessary information").)  Despite representing to the court

that he would comply with the court's instructions (*see* 2/14/22 Wong Decl. ¶ 9), he has

not explained the efforts, if any, that he has made to locate and produce responsive

documents, nor has he identified any reasons outside of his control for his failure to obey

the court's orders (*see* 6/26/23 Wong Decl.).  Accordingly, the court concludes that Mr.

Wong's violations of the court's March 7, 2022 and March 6, 2023 orders were willful.

**C.    Case-Dispositive Sanctions are Warranted**

Having found that Mr. Wong willfully violated the discovery orders, the court

must now consider the five-factor test for determining whether case-dispositive sanctions

are warranted.

> Where a court order is violated, the first two factors [the public's interest in
> expeditious resolution of litigation and the court's need to manage its docket]
> support sanctions and the fourth factor [the public policy favoring disposition
> of cases on their merits] cuts against a default.  Therefore, it is the third and
> fifth factors [the risk of prejudice to the party seeking sanctions and the
> availability of less drastic sanctions] that are decisive.

*Hammond Food*, 2014 WL 2000351, at *2 (quoting *Adriana Int'l Corp. v. Thoeren*, 913

F.2d 1406, 1412 (9th Cir. 1990) (insertions added in *Hammond Food*)).  The court

concludes that the third and fifth factors favor entry of default.

1    "A defendant suffers prejudice if the plaintiff's actions impair the defendant's

2    ability to go to trial or threaten to interfere with the rightful decision of the case."

3    *Adriana Int'l*, 913 F.2d at 1412 (citing *Malone v. United States Postal Serv.*, 833 F.2d

4    128, 131 (9th Cir. 1987)).  Although delay alone is insufficient prejudice to warrant

5    case-dispositive sanctions, courts find that the failure to produce documents as ordered is

6    considered sufficient prejudice.  *Id.; see also Fair Housing of Marin v. Combs*, 285 F.3d

7    899, 906 (9th Cir. 2002) (finding prejudice justifying case-dispositive sanctions where

8    the defendant's failure to produce documents and misrepresentation that documents did

9    not exist "deprived [the plaintiff] of any meaningful opportunity to follow up" on

10   information or incorporate it in its litigation strategy).  Here, as Plaintiffs point out, Mr.

11   Wong's failure to cooperate with discovery, at minimum, prevented them from obtaining

12   information about and serving other Defendants whom they allege were involved in the

13   scheme to manufacture and sell counterfeit Nite Ize products.  (*See* Mot. at 8.)  Therefore,

14   court concludes that Mr. Wong's conduct resulted in prejudice to Plaintiffs.

15       "The fifth factor—the availability of less drastic sanctions—has three subparts:

16   'whether the court has considered lesser sanctions, whether it tried them, and whether it

17   warned the recalcitrant party about the possibility of case-dispositive sanctions.'"

18   *Hammond Food*, 2014 WL 2000351, at *3 (quoting *Conn. Gen. Life Ins. Co.*, 482 F.3d at

19   1096).  Here, the court considered and tried lesser sanctions when it ordered Mr. Wong to

20   pay Plaintiffs $12,000 in attorney's fees and costs pursuant to Federal Rule of Civil

21   Procedure 37(a)(5).  (*See* 3/7/22 Order at 11-12 (finding Mr. Wong's failure to

22   adequately respond to Plaintiffs' first set of discovery requests was not substantially

1    justified and resulted in unnecessary motions practice); 4/12/22 Order.)  After the court

2    imposed this sanction, Mr. Wong willfully violated the court's March 7, 2022 and March

3    6, 2023 discovery orders.  The court has repeatedly warned Mr. Wong that failure to

4    cooperate with discovery and to obey the court's orders could result in entry of default in

5    Plaintiffs' favor.  (*See* 1/19/22 Hr'g Tr. at 12:9-13; 3/6/23 Order at 2.)  In addition, the

6    clerk's entry of default against Mr. Wong's co-defendants should have put Mr. Wong on

7    notice of the consequences of the failure to meet court deadlines.  *See Hammond Foods*,

8    2014 WL 2000351, at *3 (noting that the defendant should have been on notice based on

9    the court's entry of default judgment against a co-defendant for failing to file a

10   responsive pleading).  Accordingly, the court concludes that lesser sanctions have been

11   and will continue to be unsuccessful at motivating Mr. Wong to comply with the court's

12   orders and to cooperate with discovery.  Because four out of the five factors support the

13   issuance of case-dispositive sanctions, the court GRANTS Plaintiffs' motion for

14   sanctions and entry of default.

15   **D.    Request for Attorney's Fees and Costs**

16          Finally, Plaintiffs ask the court to order Mr. Wong to pay the fees and costs they

17   incurred in bringing this motion.  (Mot. at 9-10; Reply at 1.)  Where a party fails to

18   comply with a discovery order,

19          the court must order the disobedient party, the attorney advising that party,
            or both to pay the reasonable expenses, including attorney's fees, caused by
20          the failure, unless the failure was substantially justified or other
            circumstances make an award of expenses unjust.

21

22

1   Fed. R. Civ. P. 37(b)(2)(C).  In response, Mr. Wong states that he "cannot pay a fine,"

2   but does not present evidence to support that assertion.  (Resp. at 1; *see also id.* at 3

3   (stating, without supporting evidence, that Mr. Wong has "more than $150,000 in

4   unsecured credit card debt in Canada" and cannot work safely at a construction site); *id.*

5   at 6 (stating, again without supporting evidence, that Mr. Wong is "totally insolvent");

6   6/26/23 Wong Decl. ¶ 12 (stating he cannot afford to pay the sanctions that were already

7   imposed on him).)

8          In light of Mr. Wong's willful violation of the court's discovery orders, and in the

9   absence of "substantial justification" for those violations or evidence of circumstances

10  that would make an award unjust, the court preliminarily GRANTS Plaintiffs' motion for

11  an award of the reasonable attorneys' fees and costs they incurred in bringing this motion

12  for sanctions.  Plaintiffs may file a motion for attorneys' fees and costs by no later than

13  July 27, 2023.  The motion shall be noted in accordance with Local Rules W.D. Wash.

14  LCR 7(d)(3).

15                            **IV.    CONCLUSION**

16         For the foregoing reasons, the court GRANTS Plaintiffs' motion for sanctions and

17  entry of default (Dkt. # 101).  The Clerk is DIRECTED to enter default against Mr.

18  Wong in Plaintiffs' favor.  Plaintiffs may file a motion for reasonable attorney's fees and

19  costs incurred in bringing this motion for sanctions and entry of default by no later than

20  //

21  //

22  //

1  **July 27, 2023**.  Mr. Wong's cross-motion for summary judgment (Dkt. # 103) is

2  DENIED as moot.

3        Dated this 9th day of July, 2023.

4

5

6        JAMES L. ROBART
        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 19