UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., | CASE NO. C19-0990JLR |
| Plaintiffs, | ORDER |
| v. | |
| CHUN WONG, et al., | |
| Defendants. | |

Before the court is Plaintiffs Amazon.com, Inc. ("Amazon") and Nite Ize, Inc.'s (together, "Plaintiffs") second fee request and substantiation. (Req. (Dkt. # 109).) Plaintiffs seek an award of $10,000 in attorneys' fees and costs they incurred in drafting their renewed motion for sanctions and entry of default and their reply in support of that motion. (*Id.*) Defendant Chun Wong, the only Defendant who has appeared in this

//

//

//

ORDER - 1

action, has not responded to Plaintiffs' motion. (*See* Dkt.[1]) The court has considered Plaintiffs' request, the materials Plaintiffs submitted in support of their request, the relevant portions of the record, and the governing law. Being fully advised,[2] the court GRANTS Plaintiffs' fee request.

On July 9, 2023, the court granted Plaintiffs' renewed motion for sanctions and entry of default against Mr. Wong. (7/9/23 Order (Dkt. # 107) at 17-18; 7/12/23 Entry of Default (Dkt. # 108).) In doing so, the court awarded Plaintiffs the reasonable attorneys' fees and costs they had incurred in bringing their motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). (7/9/23 Order at 17-18.) The court determined that the award of fees and costs was appropriate because Mr. Wong had willfully violated the court's discovery orders and had failed to establish substantial justification for his violations or circumstances that would make an award of fees and costs unjust. (*Id.*) The court gave Plaintiffs leave to file a motion for reasonable attorneys' fees and costs by no later than July 27, 2023. (*Id.*)

Plaintiffs timely filed this request for fees. (Req.) Plaintiffs represent that their attorneys and paralegals collectively billed a total of $22,429.50 for work related to drafting the motion for sanctions and the reply in support of that motion. (7/27/23 Rainwater Decl. (Dkt. # 110) ¶ 9, Ex. A (time entries for the attorneys and paralegals who

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

[2] Neither party has requested oral argument and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rule W.D. Wash. LCR 7(b)(4).

worked on these projects); *id.* ¶ 10 (stating that the relevant time entries total $22,429.50).)  Plaintiffs, however, request fees only "in the discounted amount of $10,000." (*Id.* ¶ 10.)

Courts calculate reasonable attorney's fees by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The resulting figure is presumptively reasonable. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The court determines the reasonable hourly rate by looking to the rate prevailing in the Western District of Washington "for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (holding relevant community is "the forum where the district court sits").

The court has considered the hourly rates set forth in the Declaration of Lauren Rainwater and finds, based on its familiarity with the rates charged by attorneys and paralegals in the Seattle legal community who represent clients in similar cases and who have similar qualifications, that the rates charged by Plaintiffs' attorneys and paralegals are reasonable.  (*See* 7/27/23 Rainwater Decl. ¶¶ 3-7 (setting forth the legal experience and current hourly rates charged by Plaintiffs' attorneys and paralegals); *see also* 4/12/22 Order (Dkt. # 71) (finding the hourly rates charged by Plaintiffs' attorneys and paralegals in 2022 reasonable).)  The court has also considered the time entries recorded by Plaintiffs' attorneys and paralegals and concludes that Plaintiffs' proposal to "discount"

the total fees billed from $22,429.50 to $10,000 is reasonable. (*See* 7/27/23 Rainwater Decl. ¶ 8, Ex. A (time entries); *id.* ¶ 9 (listing the total hours billed by each attorney and paralegal).)

Accordingly, and for the foregoing reasons, the court GRANTS Plaintiffs' second fee request (Dkt. # 109) and AWARDS Plaintiffs' counsel $10,000 in reasonable attorneys' fees incurred in preparing Plaintiffs' motion for sanctions and entry of default and their reply in support of the same. Mr. Wong is ORDERED to remit payment to Plaintiffs' counsel in that amount.

Dated this 14th day of August, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4